<i>Hartford,</i><br>June, 1839.<br><br>Watson<br><i>v.</i><br>Watson.

---

WATSON and others <i>against</i> WATSON.

An estate by the curtesy is one thrown upon the tenant, by operation of law; and partakes more of the character of an estate acquired by descent than by purchase.

It vests in the husband immediately upon the death of the wife.

And having so vested, it cannot be devested, by a disclaimer, though made under hand and seal, duly witnessed, acknowledged and recorded; the object and effect of a disclaimer being, not to transfer a title, but to prevent a transfer.

THIS was an action of ejectment; tried at *Hartford, September* term, 183?, before *Bissell, J.*

In the life-time of *Ann Watson,* and until her death, the demanded premises were owned by her in fee; and the plaintiffs are her children and heirs at law, by *John Watson,* to whom she was lawfully married, and who is still living. The plaintiffs claimed, that *John Watson* had not an estate by the curtesy in the premises; and to establish this point, they offered in evidence the following writing, under his hand and seal, dated the 23rd of *February,* 1837, after the death of his wife: "Know all men, by these presents, that I, *John Watson,* do hereby publish, declare and make known, to all whom it may concern, and especially the heirs and children of my late wife, *Ann Watson,* that I have not, at any time hitherto, and now do not claim, demand, possess, or in any manner or to

any extent whatever, have, or pretend to have, any right, title or interest in three pieces of land [describing the premises] but do now fully, absolutely and without any reservation, disclaim and reject any and all right, title and interest in the same, which I might or could have had, by operation of law or otherwise, by reason of my surviving my said wife, or any title to said premises which she had during her life." This writing was signed and sealed by *John Watson,* attested by two witnesses, acknowledged before a justice of the peace, and recorded in the town records. It was admitted by the plaintiffs, that *John Watson* was tenant by the curtesy of the demanded premises, and that they could not recover in this action, unless by operation of this writing, he had no such estate. The defendant objected to the admission of it in evidence to the jury ; and the court rejected it ; and a verdict passed for the defendant. The plaintiffs thereupon moved for a new trial.

*W. W. Ellsworth* and *Toucey,* in support of the motion, contended, 1. That in all cases where an estate is taken by purchase, the person entitled may disclaim. 4 *Cruise's Dig. tit.* 32. *c.* 26. *s.* 1.

2. That such disclaimer may be by deed only. *Townson* v. *Tickell,* 3 *Barn. & Ald.* 31.

3. That the law adjudges the estate in the purchaser until he disclaims, and then it adjudges it *never in him.* *Thompson* v. *Leach,* 2 *Vent.* 198. 201.

4. That the estate of a tenant by the curtesy is like that of a tenant in dower ; and the analogy controuls. Both estates are taken by purchase, not by descent ; both are no part of the freehold, but carved out of the inheritance ; both spring by operation of law, for considerations affecting the domestic relations. The wife may *waive* her estate ; as by accepting dower *ad ostium ecclesiæ,* or *ex assensu patris,* or a provision in a will ; in which cases the dower estate never comes into existence, but the whole inheritance remains in the heir.

*Hungerford* and *T. C. Perkins,* contra, contended, 1. That the writing in question was not a *conveyance* of land, in the ordinary sense of the term. For, in the first place, it has not two parties. Secondly, there are no operative words to convey title. Thirdly, there was no consideration. If not,

such a conveyance, its being witnessed, acknowledged and recorded, gives it no additional validity or effect.   *Carter* v. *Champion* & al. 8 *Conn. Rep.* 550. 555.

2. That the estate vested in the husband immediately on the death of the wife.   2 *Bla. Com.* 126.

3. That title cannot pass by disclaimer.   1 *Sw. Dig.* 119. 2 *Bla. Com.* 201. 244. 294.

4. That if any disclaimer can be operative, this was not made soon enough.

5. That power to dissent from receiving an estate, applies only to estate *by deed,* not to estate *by descent.*

6. But that if it applied to a case of descent, this is not such a case : it is a case of receiving title by his own act—by marriage.

WAITE, J.   The object of a disclaimer, is, to prevent an estate *passing* from the grantor to the grantee.   It is a formal mode of expressing the grantee's dissent to the conveyance before the title has become vested in him.   In some cases, it may be highly proper ; as where a deed is made conveying an estate to one for life, with a remainder to another in fee. Here, in the absence of all evidence to the contrary, the law would presume the assent of the grantee in remainder, upon delivery of the deed to the grantee for life, for the benefit of both.   But if the remainder-man chooses not to take the estate, he may disclaim, and thereby remove all presumption of assent.   So, where a deed is executed to several persons, and delivered to one for the benefit of all, if one dissents, he may disclaim, and furnish evidence that his share still remains in the grantor.   *Treadwell* & al. v. *Bulkley* & al. 4 *Day* 395.

But if the grantee once assents, and the title thereby becomes vested in him, he cannot, by any disclaimer, revest the estate in the grantor.   For if he could, the disclaimer would have the effect of a deed, which it cannot have ; the object of the latter being to *transfer* property,—of the former to *prevent* a transfer.

But in a case of dissent, the heir cannot, by any disclaimer, prevent the estate from passing to him.   It vests in him *immediately* upon the death of the ancestor ; and no act of his is required to perfect his title.   He cannot, by any act, cause the estate to remain in the ancestor ; for the latter is incapa-

ble of holding it, after his death. Nor can he, by a disclaimer, transfer the estate to any other person, as the heir of the ancestor: for, as has already been observed, the object of a disclaimer is not to *convey*, but to *prevent* a conveyance. He is, therefore, in the same situation, upon the death of the ancestor, as a purchaser, who has assented to the conveyance. In both cases, a transfer can only be made, by some instrument adapted to the conveyance of real estate.

A devisee, however, stands in the same situation as a purchaser. If he dissents, the estate passes to the heir, in the same manner as if no will had been made. It is entirely optional with him to take or refuse the estate devised. *Townson* v. *Tickell* & al. 3 *Barn. & Ald.* 31.

In the present case, the disclaimer was made by one who was entitled to the property as tenant by the curtesy. Is he, in this respect, like a grantee, or an heir? This species of estate has sometimes been classed with those acquired by purchase. But it is rather an estate thrown upon the tenant by operation of law. *Co. Litt.* 18 *b.* It partakes more of the character of an estate acquired by descent than by purchase. Immediately upon the death of the wife, the estate vests in him. Like the heir, he cannot, by refusing to take it, cause it to remain in the wife; nor can he, by a disclaimer, transfer it to others. The estate thus vested in him, becomes immediately liable for his debts; and he cannot, by any refusal to take the property, defeat the claims of his creditors.

The disclaimer offered in evidence could have no effect in shewing a title in the plaintiffs; and was properly rejected by the court.

We are, therefore, satisfied, that no new trial should be granted.

In this opinion the other Judges concurred.

New trial not to be granted.