## SUPREME COURT.

### HELEN M. ELDERKIN agt. SALLY ROWELL and others.

A man died intestate, leaving him surviving a widow and five children, and about 125 acres of land, besides personal property. About two weeks after his death an instrument in writing was found among his papers, being the draft of a *will*, which apparently made a fair disposition of his property among his widow and children, but it was not signed, sealed nor executed by him, nor were there any witnesses names subscribed to it, it was merely a blank will.

After finding this instrument there was a family convocation at which the widow and the five children consented covenanted, and agreed by an assignment indorsed thereon to abide by the provisions of said will, binding themselves now and forever severally to each other to adhere to its conditions and requirements.

Subsequently one of the children, an heir-at-law and married daughter, brought this action to set aside the written consent so signed by her, and for a *partition* of her right and interest in said property, real and personal. The justice at special term, before whom the cause was tried, declared the writing void. and ordered partition, which decision was affirmed at general term.

*Fourth Judicial Department, General Term, September,* 1871.

*Before* MILLER, *P. J.,* PARKER *and* JAMES, *JJ.*

THIS was an action brought in equity to set aside a certain writing which is fully set out in the following extract from the complaint, and for the partition of 125 acres of land situated in the town of Franklin, Delaware county. The complaint was the usual complaint in partition cases, containing also the following:

That the said Alvah Rowell died intestate on or about the 3d day of April, 1869, and left him surviving, his widow, the said Sally Rowell, and the following named children: the said Helen M. Elderkin, now the wife of Isaac Elderkin, the said Julia A. Rowell, the said Charles L. Rowell, the said Mahlon D. Rowell, and the said Edward Rowell.

That the said Alvah Rowell left no last will and testa-

ment, that he did some time in the month of August, 1868, prior to his death, write out a certain statement nearly in the form of a *will*, ·which was found after his decease, of which the following is a true copy :

" I, Alvah Rowell, of the town of Franklin, in the county of Delaware and state of New York, do make and ordain this, my last will and testament, in manner following, viz : I give and bequeath to Sally, my wife, the use, benefit, and profits, of all my real and personal estate, including farm, farming utensils, cattle, stock of all kinds, and household goods, while she may remain my widow. To be divided among my children afterwards in the following manner : To Helen M. Elderkin, my daughter, I give the interest of one hundred and fifty dollars at seven per cent. annually during her life time ; to Arthur Willis, my grandson, I give fifty dollars; to Mahlon, my son, I give two-fifths of the remainder; to Charles L. I give one-fifth ; to Julia one-fifth ; to Edward one-fifth.

In witness whereof I have hereunto set my hand and seal           day of August, eighteen hundred and sixty-eight.

Signed, sealed, published and declared by the said testator, Alvah Rowell, as, and for his, last will and testament, in the presence of us who have subscribed our names as witnesses thereto in the presence of the said testator."

That the said writing was not subscribed by him, (Alvah Rowell), nor by two subscribing witnesses, and the plaintiff verily believes that they did not intend to publish it as his last will and testament; that some time subsequent to his decease, to wit, on or about the 16th day of April, 1869, a certain indorsement was made upon said above mentioned writing and subscribed by his widow, Sally Rowell, and his children, Helen M. Elderkin, Mahlon D. Rowell, Charles L. Rowell, Julia A. Rowell, and Edward Rowell, of which the following is a true copy :

" Know all men by these presents : That we, the under-

signed, do hereby agree and firmly bind ourselves to abide the provisions of the within will made by the within named Alvah Rowell, deceased, and that we severally agree and bind ourselves that we will now and forever consent to the conditions of the within will made or written by our father, deceased.

Whereunto we have set our hands and seals, April 16, 1869.

[Signed] Sally Rowell [L. s,], Helen M. Elderkin [L. s.], Mahlon D. Rowell [L. s.], Charles L. Rowell [L. s.], Julia A. Rowell [L. s.], E. P. Rowell [L. s.]. In witness of, (Signed) Benjamin T. Cook, Francis A. Cook.

The plaintiff further alleges, that the said above described and mentioned writing is entirely void and of no binding force whatever; that it is void upon its face, void for want of consideration, void as to this plaintiff, for the reason that her signature thereto was obtained by fraud and deceit on the part of some of the defendants, that is to say: that the defendant Sally Rowell falsely represented (and the other children, except the plaintiff, and the witnesses to said writing either represented or acquiesced in the same) that the said Alvah Rowell was prevented by his death from publishing and declaring said writing to be his last will and testament, and that it was his dying request that his children and widow should abide by and fulfill the terms of the said above mentioned writing.

All the other children, except Helen M. Elderkin, the plaintiff, and Arthur W. Rowell and widow, answered and admitted that they were related to said Alvah Rowell, deceased, and to the parties in this action as alleged in the complaint, and said parties reside as in the complaint alleged, and that said deceased left the said real estate in the complaint described; and these defendants utterly deny that there was any fraud or misrepresentations by them, or any of them, or as to said writings so subscribed, and deny that it was void on its face, and deny that it was without consi-

deration, and utterly deny that plaintiff's signature was obtained by fraud or deceit, or misrepresentations, or that plaintiff's mother, or any of these defendants, or the witnesses to the agreement, committed any fraud, or were guilty of any deceit, or made any misrepresentations. And, by said instrument under seal, said plaintiff is bound on her part by the provisions of said intended will, and is estopped from claiming that the same or that said instrument is invalid, or from acting contrary to the terms thereof, and from having or maintaining this action for the partition of said premises. And these defendants deny all matters in said complaint alleged not herein admitted.

At the time the said writing was indorsed nothing of value was paid or given plaintiff, and nothing was afterwards paid her or taken by her.

The case was tried before WILLIAM MURRAY jr., justice of the supreme court at special term in July, 1870, and the writing declared void and partition ordered; the jury finding in point as follows :

There was nothing passed between the parties as a consideration. The plaintiff gets nothing for her undisputed interest in her father's estate, except what she gets by force of the paper.

There was no other promise or agreement made by defendants, or either of them, other than what is embodied in the said writing. The said agreement was not stamped, but it was left off without any intent to defraud the government, and in good faith.

My conclusions of law are, that the said agreement is not void for want of stamp—that it is without consideration and therefore void—that the plaintiff, as heir-at-law of the said Alvah Rowell, deceased, is owner in fee of one undivided fifth part of the premises described in the complaint, subject to the right of dower of the said Sally Rowell; widow of the said deceased, and seized as tenant in common.

The case was appealed to the general term of third department, the respective attorneys making the following points·

WILLIAM GLEASON, *for appellants.*

(*a.*) The mutual covenants in law, afforded a consideration for the agreement of each.

(*b.*) Here was a family convocation, for the express purpose of making a family arrangement, and of avoiding trouble and litigation, and of doing what the members of the family, on canvassing their own rights and those of their mother and brothers and sisters, and all the equities as to the property and a decent regard to the wishes and judgment of the father, and they mutually bound each other to abide by the terms of the unsigned will.

(*c.*) The substance of plaintiff's contract is, that in consideration that the others will so agree, she will so agree, and thus they concurrently covenant, and the benefit conferred on the mother, or upon either person named in the will, or the surrender of what would have been his or her claim in case of intestacy, was a legal consideration from each (2 *Burrows' Rep.*, 1673 ; 1 *Wait, Law and Pr.*, 86, 88, 89.)

Withdrawal of a caveat to proceedings for probate is sufficient (12 *Wend.*, 381 ; *and see* 18 *Johns.*, 337 ; 15 *Abb.*, 340 ; 3 *Hill*, 504 ; 4 *Seld.*, 402 ; 35 *Barb.*, 157 ; 4 *Denio*, 1 ; 2 *Sand.*, 542 ; 2 *Denio*, 410 ; 33 *Barb.*, 256.)

B and T competing for a premium agreed if A received it, T to have half; and if T received it, A to have half, held valid (8 *Johns.*, 304 ; *Story on Contracts*, § 434, 449 ; 4 *Duer*, 83, 84 ; 36 *N. Y.*, 128 ; 3 *East*, 372, 371 ; 2 *Keyes*, 636 ; 10 *Wend.*, 474 ; *Chitty on Contracts*, 523.)

The seals to the instrument are sufficient evidence of the consideration, and the plaintiff did not disprove a consideration ; and she was estopped by her deed from attempting to disprove it. The Revised Statutes in regard to disproving a consideration, applies only in cases where the action is

founded on the instrument, or the money owing on such instrument is pleaded as a set off. In all other cases the common law is unchanged. A release under seal is as valid as it ever was, and by common law (5 *Denio*, 308; 22 *Barb.*, 97, 100, *&c.*; 5 *Duer*, 294; 40 *N. Y.*, 415; 28 *Id.*, 394.)

SAMUEL YEOMAN, *for respondents.*

*First.* The writing set out in the complaint and left by Alvah Rowell, was not executed by him as a will nor attested by two subscribing witnesses, hence, it is not a will as required by the statutes, and is void as such in both law and equity (2*d vol. Edmond's Stat. p*, 63; *R. S., 5th ed. vol.* 3, *p.* 144, § 35).

*Second.* That immediately upon the decease of said Alvah Rowell, intestate, on the said 3d day of April, 1869, the said real estate vested in fee simple, directly, absolutely and unconditionally, at the moment of his death, in his heirs as tenants in common, subject to the right of dower of the widow; also, the personal property in the next of kin, the same persons in this case as the heirs (1 *vol. Edmond's Stat.*, 702, § 1 *and* 17; 3*d R. S., 5th ed.*, 40, § 1 *and* 17).

Then for thirteen days, from April 3, 1869, to April 16, 1869, before the indorsement was made upon the said writing, the one fifth of this property, amounting at least to $1,000, was vested in, held and owned absolutely by the plaintiff. It was her own property.

*Third.* The consideration can now be disputed, even where promise or agreement is in writing and under seal, and want of consideration has been pleaded (3 *R. S.*, 694 § 109, *5th ed.*; 2*d. vol. Edmond's Stat.*, 423, § 77; *Amsden* agt. *Manchester*, 40 *Barb.*, 158).

*Fourth.* The said writing is entirely without consideration and therefore utterly void upon its face.

*1st.* Because the plaintiff, the promisor, receives no benefit

and the defendants, the promisees, endure no loss, injury or detriment (1 *Wait*, 86 ; *Hammond* agt. *Shepard*, 40 *How.*, 452, *in particular*; *Trustees of Hamilton College* agt. *Stewart*, 1 *Comst*, 581 ; *Geer* agt. *Archer*, 2 *Barb.*, 420 ; *Wilson* agt. *Baptists. &c.*, 10 *Barb.*, 308; *Silvernail* agt. *Cole*, 12 *Barb.*, 685 ; *Smith* agt. *Ward.*, 13 *John.*, 257 ; *Ehle* agt. *Judson*, 24 *Wend.*, 97 ; *Tucker* agt. *Woods*, 12 *Johns.*, 190.)

*Fifth.* The undisputed share of the plaintiff in her father's property, especially in the real estate, vested immediately in her on the death of her father, on the 3d day of April, 1869, hence, all the interest upon the $150 and the $150 itself, were the property of the plaintiff herself at and before the time the indorsement was made upon the said writing. It, the part of her share that she retained, cannot be taken as a consideration for the part she promised to give away (*Converse* agt. *Kellogg*, 7 *Barb.*, 590.)

*Sixth.* Blood is not a 'valuable consideration ; it is only what is known as a good consideration, hence, it will not support a promise or unexecuted contract. A consideration must be valuable to support a promise. Blood is not valuable (*Story on Contracts*, § 429, *in particular and* § 453 ; 1 *Parsons on Contracts*, § 357 ; *Fink* agt. *Cox*, 18 *Johns.*, 145 ; *Harris* agt. *Clark*, 3 *Comst.* 93).

Case now argued at general term in September, 1871, and the judgment of the special term, was affirmed, on argument, with costs.