# WHEELING.

WYATT, ADM'R OF M. B. MANSER v. SMITH, et ux.

and

WYATT, ADM'R OF M. B. AND W. A. MANSER v. SMITH, et ux.

Submitted January 21, 1885.—Decided April 25, 1885.

Where prior to the adoption of the Code of 1868 the husband by marriage and the birth of issue alive had become tenant by the curtesy initiate of the freehold property of inheritance of his wife, the life-estate of the husband in such estate is liable for the payment of his debts notwithstanding the provisions of chapter sixty-six of said Code and of the Constitution of 1872 of this State.

The facts of the case are fully stated in the opinion of the Court.

C. E. Doddridge for appellants.

J. F. Brown and Malcom Jackson for appellee.

SNYDER, JUDGE:

Appeal from certain decrees rendered by the circuit court of Kanawha county in the suits of B. F. Wyatt, administrator of the respective estates of M. B. and W. A. Manser, deceased, against J. S. F. Smith and Martha Jane his wife, and the said Wyatt, administrator of M. B. Manser, deceased, against the same defendants, heard together.

The facts so far as it is material to state them are as follows: Prior to 1861, the defendants intermarried, and in 1867 F. G. Hansford, the father of the female defendant died testate and by his will devised to the female defendant, certain real

estate on which the defendants then resided, and on which they still reside. The male defendant having become indebted to the decedents of the plaintiff, he obtained judgments therefor and in 1871 filed the bills in these causes to enforce the liens of said judgments. The causes were referred to a commissioner with directions to him to report the plaintiff's judgments, the real estate owned by the male defendant, and all the liens thereon; and the commissioner was also directed to give notice of the making of his report by publication in a newspaper of the county. The commissioner gave the notice and made his report, which was by a decree entered in June, 1874, confirmed without exception. In July, 1882, the plaintiff filed amended bills in each cause, in which he stated the foregoing facts, and also that issue of the marriage had been born alive, and asked that the life-estate of the male defendant in the real estate devised to his wife as aforesaid be subjected to the payment of said debts. The defendants demurred to the original and amended bills, the court overruled their demurrers and required them to answer by the following day which they failed to do, and on that day, to-wit: on July 11, 1882, a decree was entered holding that said life-estate was liable for the payment of the judgments reported by the commissioner, and directed said life-estate in the said real estate to be rented from year to year until said judgments were paid or said life-estate terminated. On the third day after said decree had been entered, the defendants tendered their separate answers to the plaintiff's bill, but the court refused to permit them to be filed.

It is claimed that the court erred in refusing leave to the defendants to file their answers. This claim can not be sustained. The defendants having been given a reasonable time to answer, and having failed to do so, they were not entitled to answer thereafter, especially after the decree adjudicating the merits of the causes had been entered. But if the law were otherwise, the defendants were not prejudiced by the rejection of their answers, as they set up no defences and present no legal questions other than those raised by their demurrers to the plaintiff's bills.

The answers having been properly excluded, all the decrees in these causes were rendered on the bills taken for confessed;

and as no motion was made in the circuit court to correct or revise any of the decrees according to the provisions of the statute—Code, chapter 134, section 5,—this Court has no jurisdiction to review said decrees, except as to the action of the court in overruling the demurrers to the plaintiff's bills. If any errors have been committed in this respect, and no other errors appear on the record or are alleged by the appellants, this Court has jurisdiction to review the action of the court overruling said demurrers. *Steenrod* v. *Railroad Company, supra,* 133.

The overruling of the demurrers to the original bills must necessarily be sustained, if there was no error in overruling the demurrers to the amended bills; for the reason that when the latter bills were filed they took the place of the former, it then became immaterial to consider the original bills and the defendants could properly demurr to the amended bills only. The enquiry then is did the court err in overruling the demurrer to the amended bills or either of them?

Both bills are substantially the same in their averments, so far as they concern the questions raised by the demurrers. The most material ground of error assigned is, that the averments of the bills fail to show that the male defendant had any estate in the real estate sought to be subjected to the plaintiff's judgments which could be made liable for the payment of said judgments.

By the common law the husband by the marriage acquired a freehold-interest during the joint lives of himself and wife in all such freehold-property of inheritance as she was seized of at the time, or might become seized of during the coverture. And if issue of the marriage was born alive, then the husband became tenant by the curtesy initiate and was entitled to an estate for life in all such freehold estate of his wife. Before the birth of issue the husband is seized of the freehold not as his own, but as the freehold of his wife. After issue born he has a freehold in his own right. He then has an independent estate in his wife's land, which he may aliene by his separate act, and it is bound by judgments against him for his separate debts. *Bank* v. *Stauffer,* 10 Pa. St. 398.

As soon as a child is born, the husband's right to curtesy is said to be initiate, and is consummate only upon the death of the wife. The freehold is thereupon, *ipso facto*, in him, nor would any disclaimer of his, short of an actual release, prevent its vesting in him instantly upon the death of his wife. It devolves upon him as the estate of the ancestor does upon the heir. 1 Washb. R. P. 179, (140); 2 Bla. Com. 128; *Watson* v. *Watson*, 13 Conn. 83.

And this right initiate, as well as the estate consummate, is liable to be taken for the husband's debts. Nor will equity interfere in favor of the wife or children to prevent his creditors from subjecting the life-estate to the debts of the husband. *Van Duzer* v. *Van Duzer*, 6 Paige, Ch. 366.

Such was the law in this State prior to our Code of 1868. And this Court has decided that where a married woman was the owner of real estate, not held or conveyed to her as *her* separate estate, at the time said Code went into operation, the same was not affected by the statute nor converted into a separate estate. *Laughlin* v. *Fream*, 14 W. Va., 322.

Our Constitution of 1872 provides that: " The Legislature shall pass such laws as may be necessary to protect the property of married women from the debts, liabilities and control of their husbands."—Art VI, sec. 49.

The only statute we have on this subject is chapter sixty-six of the Code, which provides simply for estates *theretofore* conveyed to a married woman as her *sole and separate property*, and for the real property of any female who should *thereafter marry*. It has no relation whatever to estates of females who had married before 1869, the date of the statute, or to property not theretofore conveyed to married women as their separate estate.

In the case at bar the intermarriage of the defendants, the devise to the wife and the birth of issue alive, had all taken place before the passage of the statute, and therefore this case is not embraced in or affected by the statute.

It is, however, claimed that the said constitutional provision is self-executing, and of its own force protects the wife's property from the debts of her husband. Conceding this to be true, it could have no effect to protect the estate sought to be sold in these causes. Long before the adoption of this

constitutional provision this estate had vested in the husband. It had ceased to be the property of the wife and had become liable for the debts of the husband. The creditors could not be divested of this vested right, and the constitution did not attempt to do so ; it refers merely to property of married women and not to property which had previously passed by operation of law from them to their husbands. I am, therefore, clearly of opinion, that the life-estate of the male defendant in the real estate mentioned in the amended bills was and is liable for the plaintiff's judgments.

It is also claimed that the judgment mentioned in the first cause was rendered in favor of the plaintiff as administrator of two estates, upon which administration had been granted to him jointly. I do not think the bill so states. It merely avers that the plaintiff as " administrator of M. B. and W. A. Manser, deceased," recovered the judgment. It does not necessarily follow from this averment that administration had been granted to the plaintiff " upon two estates jointly."

The want of proper parties does not appear upon the face the bill, and is, consequently, not a ground of demurrer. The convention of the judgment-creditors by publication made all such creditors parties to the cause, and authorized the court to provide in its decrees for their debts. *Arnold* v. *Casner*, 22 W. Va. 444.

Having noticed all the errors assigned to the overruling of the demurrers, which are of sufficient importance to require consideration, and finding none of them tenable, my conclusion is that the demurrers were properly overruled and that the decrees complained of must be affirmed.

AFFIRMED.