T. ROMEYN BUNN, Respondent, v. EMILY B. BARTLETT, Appellant.

*Supreme Court, Third Department, General Term, December 11, 1889.*

*Contract. Consideration.*—A contract between heirs of full age, without duress, to disregard the testator's will and divide the property equally, rests upon a good consideration and will be upheld after full performance and long acquiesence.

Appeal from a judgment entered in Montgomery county, upon the report of a referee.

The action is for partition. The complaint alleges the share of each defendant to be one-seventh. The two appellants alone answer and allege the share of each defendant to be one-fifth. Whether the defendants' shares are one-fifth or one-seventh, depends upon the validity of an instrument executed by the parties, heirs of Thomas Bunn, deceased, after his death, whereby the property of which he died seized was divided between them, and the provisions of his will in that respect superseded and set aside. The defendants allege that they were induced to execute the instrument by fraud and duress and without consideration. The referee found against the defendants and sustained the instrument. Thomas Bunn died August 31, 1883, seized of the premises in question. He left a will duly executed, whereby he devised the premises to his children, parties to this action, T. Romeyn Bunn, Emily B. Bartlett, Laura T. Dean, Mary E. Bunn and Har-

riet L. Conant, share and share alike.   The testator left two other children, John T. Bunn and Anna C. Buckbee, to whom he devised and bequeathed other property.   On September 3, 1883, and after the funeral of the testator, his children, except Mrs. Conant, came together at his late dwelling-house.

Dr. Israel T. Buckbee, husband of Anna, one of the testator's daughters, was also present.   The testator's will was produced and read.   Dr. Buckbee and T. Romeyn Bunn were named in it as executors.   Upon the conclusion of the reading of the will Dr. Buckbee exclaimed with bitterness and vehemence against its injustice in not giving his wife an equal portion with the others.   It appeared, also, that John T. Bunn received but little.   The result of the conversation was that it was agreed that the will should be disregarded and the estate divided equally among all the heirs, except in some particulars not material to be mentioned, if it could be done.   Counsel was thereupon sent for, who soon arrived, heard the statements of the parties, received their instructions, and went away to prepare the instrument.   He returned the next morning and all the heirs, except Mrs. Conant, who was at her home in St. Paul, then executed it.   It was sent to Mrs. Conant and she executed it some days later.   The instrument in form and manner of execution is effective to make an equal division of the testator's property among his heirs, whether the will should be probated or not.   The will was subsequently destroyed.   The defendants sought by the testimony adduced by them to show that they were intimidated, misled and coerced by the threats, violence and misrepresentations of Dr. Buckbee, and that they executed the agreement under the duress thus exerted and the fraud thus practiced.   The referee found against them upon all the issues thus raised.   In his opinion he states that upon their own evidence they did not make out their defense.   The testimony on the part of the plaintiffs was to the effect that immediately upon Dr. Buckbee expressing dissatisfaction

with the terms of the will all the parties concurred with him and expressed their desire to divide the estate equally among the heirs, and that the agreement was made voluntarily and in order to preserve harmony among the heirs and to do equal justice to all.

Upon the written consent of the heirs administrators were appointed, and upon a judicial settlement of their accounts the personal estate was distributed among the heirs and accepted by them upon the basis of intestacy.

The heirs united in conveyances of various parcels of real estate of which their father died seized, and the proceeds were divided among them equally, and accepted.

Mrs. Conant urged that in view of the fact that she had not previously received as much from her father as her sisters had, she ought in order to effect equality to have some additional allowance. Mrs. Buckbee and John T. Bunn thereupon offered to pay her $3,000. She accepted the proposition, signed the agreement and was paid by them this sum out of their estates.

*E. J. Maxwell*, for appellants.

*W. L. Vandenburgh*, for respondents.

LANDON, J., (after stating the facts as above).—The defendants were of full age, knew the effect of their action, and acting upon their sense of justice and a desire to preserve family harmony, generously released their superior rights under their father's will and accepted an equality of rights with their brothers and sisters. Such is the effect of the finding of the referee upon evidence which we think not only supports but requires it. The agreement was made upon sufficient consideration. All the heirs received something under the will. Each one released his or her portion to all and all united in granting to each one an equal portion of the whole. There was, moreover, the consideration of love

and affection, and the desire that family harmony should not be destroyed by an unequal distribution of their father's bounty.

The agreement was subsequently ratified by the distribution of the personal property upon the basis of intestacy, and of the proceeds of joint sales of real estate upon the basis of the agreement. Other real estate was partitioned upon the basis of the agreement. It is not necessary to inquire whether these subsequent transactions amounted to a technical estoppel; they did amount to satisfactory evidence that the defendants, with full knowledge of the facts, were long content with the agreement, and willing to accept its benefits and to share its burdens. The inference is that they thus acted because they had freely agreed thus to act.

The agreement by Mrs. Buckbee and John T. Bunn to pay Mrs. Conant $3,000, if she would sign the agreement, was based upon her claim that she had previously received less from her father than her sisters had. The claim was conceded and the money paid by Mrs. Buckbee and John T. Bunn. There is no claim now that the fact was otherwise. Mrs. Bartlett knew about the transaction; Mrs. Dean did not, but she was not injured by it. The money was demanded in order to make the scheme of equality complete, and not as an inducement to engage in a scheme to defraud Mrs. Dean.

The judgment is affirmed, with costs.

LEARNED, P. J., and PUTNAM, J., concur.