CLAY *et al., Appellants*, v. MAYR *et al.*

Division Two, May 31, 1898.

1. **Ejectment:** TITLE NECESSARY FOR RECOVERY. In ejectment plaintiff can not prevail unless he have the legal title.

2. **Deed to Wife:** CURTESY. Where a deed was made to a husband in 1886 as a result of payment for the land by the wife's money, given her by her father, he is entitled to its possession during coverture as tenant by the curtesy initiate, and in order to pass title to the land it is necessary that both husband and wife should execute and acknowledge the deed.

3. Purchase with Wife's Money: DEED TO HUSBAND: SALE: DELIVERY OF DEED: RETROSPECTIVE STATUTE. Therefore where the husband, in such case, signs and acknowledges a deed, but does not deliver it to the plaintiff, although it had been previously executed and delivered by his wife, the plaintiff can not recover in ejectment, because until such delivery the husband is entitled to possession. Until the passage of the statute of 1889, a married woman taking an estate in lands took it under the then existent statute subject to her husband's tenancy by the curtesy; and such estate could not be divested by the statute of 1889, because to give it such effect would be to make it retrospective in its operation, which would be repugnant to the Constitution. (Following *Leete v. Bank*, 115 Mo. 184; *Bartlett v. Ball*, 142 Mo. 28.)

*Appeal from De Kalb Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

*S. G. Loring* for appellants.

(1) The evidence shows that the money with which the defendants purchased the land in suit was given Mrs. Mayr by her father; this under section 3296 of Revised Statutes 1889, became her separate property. Schouler on Dom. Rel. [4 Ed.], secs. 114 and 115; *Owings v. Wiggins*, 133 Mo. 633. (2) The property in controversy having been acquired by Mrs. Mayr's separate property, it took the place of the money and became, in equity, her separate property, notwithstanding the deed by which she held the legal title was a common law deed. Under said section, even if the land in suit had not been purchased with her separate money, Otto Mayr was shorn of all his common law rights by virtue of said section. *Leete v. Bank*, 115 Mo. 197. (3) Otto Mayr, not having any life estate, not being a tenant by courtesy initiate in the lands in suit, his mere expectancy or possibility of acquiring such tenancy is subject to any change which the legislature may choose to make prior to the vesting of that right in him. Cooley on Const. Lim. 360–362; *Holliday v. McMillan*, 79 N. C. 315; *Dunn v. Sargent*, 101

Mass. 336; *Hill v. Chambers*, 30 Mich. 422; Schouler on Dom. Rel., sec. 114. (4) The husband, not having any vested rights, section 6869 of the Revised Statutes of 1889, operated upon said lands, and placed in Mrs. Mayr, both in law and equity, a separate estate, and as to said lands, under the provisions of section 6864 of said statutes, Mrs. Mayr became a *feme sole*. *Clow v. Chapman*, 125 Mo. 107. (5) A wife can convey lands, conveyed to her own sole and separate use, without her husband joining with her in the deed. *Owings v. Wiggins*, 133 Mo. 632; *Fairchild v. Creswell*, 109 Mo. 39; *Turner v. Shaw*, 96 Mo. 22; *Small v. Field*, 102 Mo. 164; *Pills v. Sheriff*, 108 Mo. 110; *Chapman v. Miller*, 128 Mass. 269; *Pease v. Bridge*, 49 Conn. 58; *Evans v. Summerlin*, 19 Fla. 858; *Hilles v. Bearse*, 9 Allen (Mass.), 403.

*Hewitt & Blair* for respondents.

(1) The deed made in January, 1886, by Wills and wife to Mary Mayr was an ordinary warranty deed. The words necessary to create a separate estate in her were not in the deed. (2) At the time the deed from Wills and wife was made to Mary Mayr, the common law right of the husband to the possession and control of the wife's general real estate, acquired before or during coverture was unimpaired, except that such right could be divested only in the method prescribed by statute. *Peck v. Lockridge*, 97 Mo. 549; *Dyer v. Wittler*, 89 Mo. 81; *Mueller v. Kaessmann*, 84 Mo. 328; *Flesh v. Lindley*, 115 Mo. 17; R. S. 1889, sec. 3295. (3) Such right is a vested right, and can not be abrogated retrospectively by legislative enactment. Otto Mayr's right to the possession of the property in suit, acquired in 1886, could not be impaired by the amendment which did not take effect until November 1, 1889.

R. S. 1889, sec. 6869; *Leete v. Bank*, 115 Mo. 194; *Flesh v. Lindsay*, 115 Mo. 17. (4) The deed to Mrs. Clay, signed by Mrs. Mayr alone, even if delivered, could not vest the right to the possession in Mrs. Clay. The plaintiffs' evidence tends to show that even this delivery was conditional. *Younge v. Gilbeau*, 3 Wall. 636; *Crowder v. Searcy*, 103 Mo. 118; *Turner v. Carpenter*, 83 Mo. 336; *Hall v. Hall*, 107 Mo. 107; 5 Am. and Eng. Ency. of Law, 423.

SHERWOOD, J.—Ejectment suit for certain land in De Kalb county, begun in 1895. In January, 1886, Otto Mayr bought the land from Wills and wife, paying therefor with money received from the father of Mary Mayr, his wife, and taking the deed in ordinary general warranty form without more.

After admitting possession, the answer consisted of a general denial. The evidence on behalf of plaintiffs was to the effect that Mr. Clay bought the land from Mrs. Mayr and paid her for it; that Mrs. Mayr executed and acknowledged and delivered the deed to Mrs. Clay, but that Mr. Mayr not being present Mrs. Clay took the deed to the town where Mr. Mayr was, and he executed and acknowledged it before a notary, but it was never delivered to Mrs. Clay, but left with the notary without any directions from Mr. Mayr to the notary respecting it; that Mrs. Clay went out of the notary's office on some errand and never returned for the deed; on the same evening, however, she met Mrs. Mayr who had the deed in her possession, but refused to deliver it to Mrs. Clay on the ground that more money was due her on the land; that Mrs. Clay then returned to St. Joseph and on her arrival there, her attorney wrote to the notary at Stewartsville, Mr. Clark, about the deed, who replied that he had it in his possession but that Mrs. Mayr claimed that there

was $20 still due on the land, that Mrs. Clay offered to pay the $20, but Mrs. Mayr then claimed that there was $215 due on the land. The defendants introduced no evidence, but at the close of plaintiff's case asked a declaration of law in the nature of a demurrer to the evidence, which the court trying the cause gave, and entered final judgment for defendants and plaintiffs appealed.

In an ejectment suit plaintiff can not prevail unless having the legal title. In this case at the time the deed was made to Mrs. Mayr the husband was entitled to the possession of the land during coverture as tenant by the curtesy initiate, and in order to pass the title to the land it was requisite that both husband and wife should unite in the execution and acknowledgment of the deed. *Mueller v. Kaessmann*, 84 Mo. 318, and cases cited; *Flesh v Lindsay*, 115 Mo. 1.

But in this case the title never passed to Mrs. Clay, because the deed was never formally or inferentially delivered by Mr. Mayr to the grantee therein named. At the time Mrs. Mayr became the recipient of title to the property in question the statute in existence did not make the land of a married woman her separate property; this was not done until the revision of 1889. But of course this statute could not under our Constitution affect the status of Mayr to his wife's land as it existed in 1886, because this would render the statute as amended in 1889 retrospective in its operation, something which our organic law forbids. *Leete v. Bank*, 115 Mo. 184; *Bartlett v. Ball*, 142 Mo. 28, and other cases. What remedy equity, if any, would afford plaintiffs, provided the full amount of purchase money has been paid, it is unnecessary for us to determine upon the present record. It is sufficient for us to say that the lower court was correct in its declaration of law. Therefore judgment affirmed. All concur.