AUGUSTA DUERINGER et al., Plaintiffs, v. HENRY KLOCKE et al., Defendants.

(County Court, Erie County, July, 1914.)

WILLS—DEVISES AND BEQUESTS INCORPORATED IN—ACTION FOR CONSTRUC-
TION—DESTROYED WILL—RENUNCIATION OF REAL ESTATE BY DEVISEE—
DEVISEE MAY DISCLAIM RIGHTS UNDER WILL WITHOUT CONSIDERATION
—PLEADING.

A testatrix survived by sons and daughters devised and bequeathed
her entire estate to the daughters. Shortly after the death of testa-
trix all her children met and without any fraud or overreaching the
will, by agreement, was destroyed, and within a few days the daugh-
ters signed a paper wherein they agreed to waive any and all wills
made by their mother, and consented that her entire estate should
be divided among all the children share and share alike. In an action
by the daughters to have determined whether they were entitled to the
interest in their mother's estate given by her will, held:

That the transaction which involved the rights of plaintiffs under
the will was the one which took place when the will was destroyed
and nothing further was required to be done in order to vest in each
of the children an undivided interest in the estate as heir-at-law.

That there was no need for the making of an executory contract
and that the evidence would not warrant a finding that the paper was
signed by plaintiffs as such a contract.

While renunciation of real estate by a devisee must be by deed,
unequivocal acts on the part of the devisee may amount to a sufficient
renunciation of the devise.

A devisee may disclaim his rights under a will without considera-
tion; the disclaimer may be otherwise than by deed or by record, and
when such a disclaimer is made the title to the property devised does
not vest in the divisee under the will.

The agreement in this case held to have met all the requirements of
a disclaimer.

An allegation of the complaint that plaintiffs were entitled to re-
cover only as heirs-at-law tends to support defendants' claim that
the destruction of the will and the signing of the paper thereafter
were acts which were understood by plaintiffs.

MOTION to set aside a verdict.

B. W. Schaffer (Emil Rubenstein, of counsel), for plaintiffs.

Frank Harding, for defendant Charles A. Klocke.

Laing, J.—The issue involved in this action is as to whether or not the plaintiffs are still entitled to the interest in their mother's estate given them by her will. Under the mother's will the sons were not beneficiaries. Shortly after the mother's death the children met at the residence of one of the defendants, read the will, and finally at the same meeting the will was destroyed. The next day, as claimed by the defendants, and within a few days, as claimed by the plaintiffs, the defendant Charles A. Klocke presented to the plaintiffs, and the plaintiffs signed, a paper wherein they " agree to waive any and all wills made by their deceased mother and consent that her real and personal property be divided among her children share and share alike."

Sometimes thereafter this action was commenced, and in the original complaint the plaintiffs claim only the interest in their mother's estate to which they would be entitled as heirs. The defendants claim that the destruction of the will was in accordance with the wish of the plaintiffs, and that the paper referred to above was signed by the plaintiffs with full knowledge of its contents. The position of the plaintiffs is that at this meeting when the will was read the brothers were very angry because they had not been mentioned in the will; the plaintiffs were greatly depressed because of the recent death of their mother; that the defendants, especially the defendant Charles A. Klocke, is a man of much business experience, and that the brothers practically took into their own hands the matter of the destruction of the will, and that although the plaintiffs saw the will put into the stove, and did not attempt to stop its being burned, they did not consent to its destruction, and did not understand when it was destroyed that they were thereby giving up their interest under the will, but understood that the brothers wished the will destroyed so that it

could not be filed and thereby disclose to the public that the brothers were not mentioned in their mother's will. In regard to the paper signed by the plaintiffs they claim that this paper was presented to them by Charles A. Klocke and they were told by him to sign it, and that they signed it without any consideration, and without any knowledge of its contents. The issues in this action were tried before a jury, and the jury were directed in substance that if any fraud, was practiced upon the plaintiffs in the destruction of the will, or in procuring the signatures to this paper, that is, if the brothers, whether intentionally or not, took advantage of the depressed state of mind of their sisters, and their lack of business experience, and unconscionably induced them to consent to the destruction of this will that the verdict of the jury should be for the plaintiffs. The jury did not find for the plaintiffs, but found that the property involved in this action should be divided among the parties to this action as heirs of their deceased mother.

The matter now comes before me on a motion by the plaintiffs to set aside the verdict because the direction of a verdict in favor of the plaintiffs was not granted at the trial, and because the verdict is contrary to law. The plaintiffs claim that the destruction of the will, even though agreed to, did not take away from them their rights under the will, and that the paper subsequently signed by them did not take away such rights. They urge that there was no consideration to support an agreement to destroy the will, and no consideration to support this writing which they subsequently signed; that the writing does not purport to convey their interests in the real estate, and was not in form and manner of execution a paper which conveys real estate; that at the time this will was destroyed and this paper was signed their rights under the will had vested and they could not be divested of such rights except by an instrument appropriate to convey real estate. The specific proposition first argued by the counsel for plaintiffs is that the writing signed by

them was an executory contract, and that is was void because of lack of consideration, and because it was insufficient to pass title to real estate. In my opinion the transaction which involved the rights of these plaintiffs under the will was the transaction which occurred at the meeting when the will was destroyed. The understanding of the parties, I take it, was that by the destruction of this will they thereby became entitled to share in their mother's estate equally. The only apparent object in view in the execution of the paper, which was subsequently signed, was to put the plaintiffs, who had been favored under the will, on record. My conclusion is that when the will was destroyed, if it was destroyed without any fraud or overreaching, as the jury found, nothing further was required to be done in order to vest in each of the children an undivided interest in his or her mother's estate as heir at law. There was no occasion for subsequently executing an executory contract, and the evidence does not warrant a finding that this paper was signed as suh a contract. It is further urged that renunciation of real estate by a devisee must be by deed. It was so held in Bryan v. Hyre, 39 Am. Dec. 246. The same proposition has been laid down in other cases, but the weight of authority seems to be that unequivocal acts on the part of the devisee may amount to a sufficient renunciation. Schouler Wills & Administration, 537, § 489; 1 Jarman Wills (6th ed.) 556; 40 Cyc. 1893–1898; Burritt v. Silliman, 13 N. Y. 93; Defreese v. Lake, 109 Mich. 415; Tarr v. Robinson, 158 Penn. St. 60; Matter of Lansing, 182 N. Y. 238; Matter of Ripley, 122 App. Div. 419.

Plaintiffs also contend that even if a deed is not required the evidence does not warrant a finding that there was in this case a disclaimer by the plaintiffs. A disclaimer to be sufficient must be precise, explicit and evidenced by some solemn declaration. Webster v. Gilman, Fed. Cas. 17335.

The agreement which resulted in the destruction of the will

seems to meet all of these requirements. The jury have found that the agreement then made, and the destruction of the will which followed, were free from fraud or unfair advantage. The agreement as claimed by the brothers was precise and explicit, and the destruction of the will certainly complies with the requirement as to a solemn declàration.

The fact that there can be a disclaimer by a devisee, and that when such disclaimer meets the requirements of the law title does not vest in the devisee under the will seems to be abundantly sustained by the authorities. " But if the grantee once assents, and the title thereby becomes vested in him, he cannot, by any disclaimer, revest the estate in the grantor. For if he could, the disclaimer would have the effect of a deed, which it cannot have; the object of the latter being to *transfer* property—of the former to *prevent* a transfer. But in a case of dissent, the heir cannot, by any disclaimer, prevent the estate from passing to him. It vests in him immediately upon the death of the ancestor; and no act of his is required to perfect his title. He cannot, by any act, cause the estate to remain in the ancestor; for the latter is incapable of holding it, after his death. Nor can he, by a disclaimer, transfer the estate to any other person, as the heir of the ancestor; for, as has already been observed, the object of a disclaimer is not to *convey*, but to *prevent* a conveyance. * * * A devisee, however, stands in the same situation as a purchaser. If he dissents, the estate passes to the heir, in the same manner as if no will had been made. It is entirely optional with him to take or refuse the estate devised." Watson v. Watson, 13 Conn. 83.

To the same effect, see Jarman Wills, 586; Page Wills, § 744; Schouler Wills & Administration, 537, § 489; 40 Cyc. 1893; 18 Am. & Eng. Ency. of Law, 743; 3 Washb. Real Prop. 402, § 2, subd. 4; 4 Kent's Comm. 533, 534.

Some cases are cited by counsel for plaintiffs which require consideration.

Elderkin v. Rowell, 42 How. Pr. 330, is a case where the owner of real property left a widow and five children and an unsigned will. The family got together and signed a paper agreeing to abide by the terms of this unsigned will. As appears by the cases above cited the situation of heirs at law and devisees under a will is not the same. Heirs at law take the property of the decedent immediately and cannot disclaim. Their rights amount to the title to real property and can only be divested by deed. Devisees on the contrary may disclaim and when the disclaimer is effectual no title vests in them.

In Minehan v. Hill, 144 App. Div. 854, the agreement before the court was between an heir and one who had taken care of deceased and expected to be a devisee. The agreement was between these persons and their agreement was to share equally in the property of the deceased whether or not there was a will. When the agreement was made neither knew whether or not there was a will. The person who expected to be a devisee sued to enforce this agreement. It was held that the agreement could be enforced, and that the mutual promises were a sufficient consideration. It thus appears that the heir was being sued. This case is cited because it appears that the matter of consideration was treated as the controlling fact in the case. This decision I do not regard as authority for the claim that a disclaimer by a devisee under a will must be supported by consideration.

Bunn v. Bartlett, 8 N. Y. Supp. 160, is a case where the will was made. An agreement was made by all the children who were devisees, who had not all received an equal amount under the will, which argeement in form and manner of execution was sufficient to make an equal division of the testator's property among his heirs whether or not the will should be probated. The principal thing considered in the opinion of the court was the matter of consideration. It was held that there was sufficient consideration. Landon, J., Says: " All the heirs re-

the matter of consideration. It was held that there was suffi-
cient consideration. . Landon, J., Says: " All the heirs re-
ceived something under the. will. Each one released his or her
portion to all, and all united in granting to each one an equal
portion of the whole. There was, moreover, the consideration
of love and affection, and the desire that family harmony
should not be destroyed by an unequal distribution of their
father's bounty." Without doubt this case is an authority for
the claim of the plaintiffs that the division of the property of
the deceased in this case by the children otherwise than as pro-
vided in the will should be supported by a consideration. Al-
though I have given this case a good deal of consideration I
feel constrained to follow what I find to be the weight of au-
thority, and that is that a devisee may disclaim his rights under
the will without consideration, and that the disclaimer may be
otherwise than by deed or by record, and that when such dis-
claimer is made the title does not vest in the devisee under the
will.

There is another matter which is argued by counsel for de-
fendant, and that is that by bringing this action and alleging
in the original complaint that these plaintiffs were entitled to
recover only as heirs-at-law the plaintiffs thereby made an ef-
fectual disclaimer of any rights under the will. This fact,
whether or not it has the force claimed for it by defendants'
counsel, doubtless does tend to support the claim of the de-
fendants that the destruction of the will and the signing of the
paper thereafter were acts which were understood by plaintiffs.

It would have been more in accord with my feelings if I
could have reached a different conclusion in this case, but after
the verdict of the jury there is nothing left for the court but
to follow the law, and that I have endeavored to do as I under-
stand it.

The motion of the plaintiffs will, therefore, be denied.

Motion denied.