## MILES v. MILES et al.

No. 8834—Opinion Filed Sept. 10, 1918.

Rehearing Denied Oct. 8, 1918.

(175 Pac. 222.)

1. Curtesy—Homestead — Indian Territory —Law in Force—Occupancy of Minor Children.

Prior to statehood, when certain sections of Mansfield's Digest of the Laws of Arkansas were in force, by virtue of Act Cong. May 2, 1890, the husband had, the requisite conditions existing, an estate of curtesy in the lands of which his wife died seised, and there was no law in force at that time which gave, to the exclusion of the husband's curtesy right, the minor child or children of the wife the right to the use and occupancy, during the minority of said children, of the lands occupied as a home by the husband, wife, and child at the time of the wife's death.

2. Curtesy—Curtesy Consummate — Transfer.

The right of curtesy consummate may be assigned or transferred, and the assignee or transferee has a right to the use and possession thereof.

(Syllabus by Pryor, C.)

Error from District Court, McClain County; F. B. Swank, Judge.

Suit by Leanna Miles, by Belton Miles, her guardian against Belton Miles and others. General demurrer to petition sustained, and plaintiff brings error. Affirmed.

Patterson & Farmer, for plaintiff in error.

Opinion by PRYOR, C. In November, 1905, Prudence Miles, nee Jackson, a Chickasaw freedman, died seised of her allotment. She left surviving her as her next of kin and heirs at law her child, Leanna Miles, and her husband, Belton Miles. At the time of her death she and her husband, Belton Miles, and her daughter, Leanna Miles, were occupying the said allotment as their home. On January 1, 1912, Belton Miles and his present wife, Annie Miles, executed a mortgage on said lands to the American State Bank, and on November 18, 1912, Belton Miles and his wife executed to the American State Bank a warranty deed to said land. The bank foreclosed the mortgage and deed as a mortgage, and the lands were sold to defendant Harrison. The plaintiff brought suit, alleging that the mortgage and deed were void; that the said Belton Miles had no right or title to said lands except the curtesy right; and that the curtesy right was inferior to her right to the use and occupancy of said lands as her homestead during her minority; and asked that the deed and mortgage be canceled as a cloud upon her title and that the defendants be enjoined from interfering with her use and occupancy of the premises. The trial court sustained a general demurrer to the petition, and from this judgment the plaintiff appealed.

While the Arkansas law was in force before statehood, the right of curtesy existed in the Indian Territory. Johnson v. Simpson, 40 Okla. 413, 139 Pac. 129; Blaylock v. Muskogee, 117 Fed. 125, 54 C. C. A. 639. Upon the death of the wife, all other requisites existing, the husband becomes vested with a freehold estate known as curtesy consummate. Hampton v. Cook, 64 Ark. 353, 42 S. W. 535, 62 Am. St. Rep. 194; Todd v. Oviatt, 58 Conn. 174, 20 Atl. 440, 7 L. R. A. 693; Jackson v. Jackson, 144 Ill. 274, 33 N. E. 51, 36 Am. St. Rep. 427; Malone v. Conn, 95 Ky. 93, 23 S. W. 677; Templeton v. Twitty, 88 Tenn. 595, 14 S. W. 435. When the right of curtesy becomes a vested interest, it cannot be destroyed by the Legislature. Zeust v. Staffan, 16 App. D. C. 141; Clay v. Mayr, 144 Mo. 376, 46 S. W. 157; Wyatt v. Smith, 25 W. Va. 813; Cooley, Const. Lim. (7th Ed.) 513.

On the death of the allottee, Prudence Miles, nee Jackson, her husband became vested with the curtesy right in her land, and curtesy may be sold, assigned, or mortgaged, and the vendee has a right to the use and enjoyment of the estate; but it is the contention of the plaintiff that she has the right to the use and occupancy of the premises as a homestead during her minority, and that this right is given her by the statute of Arkansas in force in the Indian Territory at the time of the death of said allottee.

The statute of Arkansas giving the minor children the right to use and occupancy of

the homestead during their minority was not extended by the acts of Congress over the Indian Territory, and there was no other law in force at the time which gave the minor children the right to the use and occupancy of the homestead during their minority. Their right to the use and occupancy of the homestead during their minority is a statutory right, and, in the absence of the statute, no such right exists. This right not having been given to the plaintiff, the husband and his grantee have a right to the use of the premises during the life of the husband, to the exclusion of the plaintiff, and the trial court properly sustained the demurrer to the petition.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.