Clark et al. *v.* Burnside.

---

Rosanna Clark et al., Plaintiffs in Error, *v.* John Burnside, Administrator of the estate of James Burnside, deceased, Defendant in Error.

ERROR TO CLINTON.

It is the duty of a guardian to institute proceedings for the assignment of dower.   It is equally his duty to lease such portion of the estate as is set apart to the wards, and his estate is liable for whatever might have been received by a faithful discharge of those duties.

Rails in stacks are personal property, and the title vests in the administrator; he alone can maintain an action to recover them.

Rails taken from a fence are part and parcel of the realty and pass to the heirs, and if a guardian severs rails in a fence on the land, and converts them to his own use, his estate is answerable directly to the heirs for their value.

An administrator is a competent witness to show when money was received from him by a guardian, if it appears from other evidence, that the adminis-

trator has settled up the estate and distributed the proceeds among the heirs.

This cause was heard before UNDERWOOD, Judge, at the May term, 1852, of the Clinton Circuit Court, on an appeal from the county court of that county.

The facts necessary to a full understanding of the opinion, will be found stated in it.

R. S. NELSON, for plaintiffs in error.

S. BREESE, for defendant in error.

TREAT, C. J. Rosanna, Margaret, and Sarah Ann Clark, heirs at law of John Clark, filed a claim in the county court against the estate of James Burnside. The case was removed into the circuit court by appeal. Several questions arose on the trial, which will be noticed in their order.

First. It appeared in evidence, that Clark died seized of a farm, and that Wilcock administered on his estate; that Burnside married his widow, and became the guardian of the plaintiffs; that the widow quit the farm on her marriage, but she and Burnside leased the same, and received the rent, amounting to $80 or $100 per annum; that her dower was never assigned. The court decided that Burnside received the rent in the right of his wife, and not as the guardian of the heirs, and excluded the evidence of the leasing of the farm. The statute provides that "the widow may, in all cases, retain the full possession of the dwelling-house in which her husband most usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation and rent until her dower be assigned." It was clearly the right of the widow to retain the exclusive possession of the farm, until the assignment of her dower. And perhaps she had the right to lease the same, and receive the rent to her own use, so long as her dower remained unassigned. The possession of the tenant in such a case, might be regarded as her possession, within the true intent of the statute. But this is not a contest between the heirs and the widow. The case is between the heirs and the administrator of the guardian. It was clearly the duty of the guardian to institute proceedings for the assignment of dower, so that his wards might obtain their share of the rents and profits of the estate. It was equally his duty, on the dower being assigned, to lease the portion of the farm set apart to the heirs. And his estate is liable for whatever might have been received by a

faithful discharge of those duties. The court erred in excluding the evidence.

Second. It appeared that the estate of Clark had been settled, and the surplus distributed among the heirs. The plaintiffs offered to prove that Burnside took from the farm some $400 worth of rails, part of which were in stacks and the rest in a fence, and put them in a fence on his own land. These rails were not inventoried or accounted for by the administrator of Clark. The court rejected the evidence on the ground, that the rails were the property of the administrator. The rails in the stacks were personal property, and the title vested in the administrator. He alone could maintain an action to recover them. The fact that there has been a settlement of the estate, does not change the cause of action. It must still be enforced in the name of the personal representative of Clark. His estate, as respects this property, remains unadministered. If the authority of Wilcock is at an end, another administrator may be appointed, at whose suit the estate of Burnside may be held liable for the value of the rails. To this extent, the ruling of the circuit judge was unexceptionable. But he erred in excluding the proof in relation to the rails taken from the fence. The fence was part and parcel of the realty, and as such passed to the heirs on the death of their ancestor. It was in no sense the property of the administrator. The guardian having severed the rails from the land, and converted them to his own use, his estate is answerable directly to the heirs for their value.

Third. Burnside was appointed guardian of the plaintiffs in 1843, and it appeared from the records of the probate court that he received their distributive shares in 1845. In order to charge his estate with interest from 1843, the plaintiffs proposed to prove by Wilcock that he paid the shares to Burnside in that year. The court held that he was an incompetent witness, and excluded the evidence. The administrator was a competent witness to show when the money was received by the guardian. It appeared from other evidence that he had settled up the estate, and distributed the proceeds among the heirs. He was thereby discharged from responsibility to them, and had no interest in the question as to when the payment was made. He would not be competent to prove the payment, for he would be interested in discharging himself, and charging the estate of the guardian. But the payment being established, it was a matter of indifference to him when it was made.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*