# CHARLESTON.

BAYLOR *v.* BALCH.

Submitted November 17, 1890.—Decided December 10, 1890.

WILLS—CHARGING LAND WITH DEBTS.

A testator says in his will: "I give and devise to my said wife a life-estate in the cottage and two acres of ground. To my son Stephen I give the fee-simple estate of the two acres of land just mentioned, subject to his mother's life-estate. If at any time before or after the death of my wife it is thought expedient to sell said lot of ground and its improvements, it is then my will that Stephen receive one share of the purchase-money in his own right, and the balance to be equally divided and paid over to his children, share and share alike; and do hereby bind said land and improvements with the condition that the purchase-money shall be distributed as I have here directed." *Held:*

Stephen not having sold had the power, as the owner in fee-simple, to charge the land with the payment of his debts.

*F. W. Brown* and *Joseph Trapnell* for appellants.

*George Baylor* for appellee, cited:
Code, c. 130, s. 44; Code, c. 65, s. 3; 16 Johns. 587; 1 Lom. Dig. 426 (s. p.); 3 Lom. Dig. 116, 117 (s. p.); 10 Johns. 19; 13 Johns. 537; 15 Johns. 169; 5 Mass. 500; 20 Wend. 130; 20 Gratt. 705; 1 Meriv. 314; *Riddick* v. *Cohoon,* 4 Rand.; 3 Lom. Dig. 264 (s. p.); 4 Kent Comm. 131; 10 Barn. and Cres. 433.

HOLT, JUDGE:

This is an appeal taken by Flora Balch and others from a decree pronounced by the Circuit Court of Jefferson county on the 18th day of June, 1889, in the cause of George Baylor, trustee, plaintiff below and appellee, against S. F. Balch *et al.*, defendants below and appellants. The decree is for the sale of two tracts of land in order to pay various sums decreed as liens against this real estate. A full record is not brought up, but I think enough to enable the Court to pass upon the errors assigned.

The bill, amended bill and amendment to bill and amended bill charge in substance, that defendant Stephen F. Balch is the owner of two tracts of land, one containing one hundred and sixty five acres, being the same devised by Adam Wever, Sr., to his daughter Mrs. Emily Balch, the mother of Stephen Balch, for life ; that his sons Adam Wever, Jr., and Andrew Wever had the option to buy the land at a price to be agreed on, but, if disagreement about the price should arise, then it was to be sold at public auction on a credit of one, two, three, four, five, and six years, and proceeds to be paid to the six children of his daughter Mrs. Elizabeth B. Balch, the first payment to be made to her oldest child, the second to the next oldest, and so on to the sixth child and last payment; that Andrew Wever died long before the life-tenant ; and Adam Wever, Jr., went west many years ago, and has not been heard of for some twenty years ; that the estate of Adam Wever, Sr., had been committed to Edward Tearney, sheriff; and as such administrator, *d. b. n. c. t. a.*, Tearney is a party defendant; that the legatees of the proceeds of sale of the one hundred and sixty five acres decreed to be sold, elected to take the land instead of the money, the two Wevers not wishing to buy ; and that S. F. Balch, some time prior to 1874, acquired all the interest of the other parties by purchase and deeds of conveyance, under which he had held it as his own from that time to this; that L. P. W. Balch, father of defendent S. F. Balch, died in 1868 ; and his administrator, Garland Hurst, as sheriff, is a party defendant.

His mother and life-tenant, Mrs. Elizabeth B. Balch, died in 1872 ; and some time during the pendency of this suit

defendant S. F. Balch was declared a lunatic, and defendant Davenport Wiltshire is his committee. Wiltshire, as such committee; Alethe B. Balch, wife of S. F. Balch; Flora Balch, Catherine Balch, Emily Oram, Willie Balch, children of S. F. Balch; J. G. Hurst, administrator of Boteler Balch, deceased, a child of Stephen F. Balch—answered the bill; so also the infant defendants. Boteler Balch, Lizzie Balch, May Balch, Royal Balch, and Alethe Balch, by their guardian *ad litem;* so also Wiltshire, committee, and others filed a supplemental answer, alleging that Stephen B. Balch was a lunatic at the time he executed the deed of trust to secure defendant Reynolds, and to secure George Baylor, trustee. On these papers, general replication, *etc.*, process served on defendants not answering, the cause came on to be heard December 6, 1888, and was referred to Cleon Moore, commissioner, to ascertain the real estate of defendant S. F. Balch, its value, and all liens binding thereon, with their amounts and priorities. The commissioner reports the lands and the liens. Numerous exceptions were taken, and on 18th June, 1889, the cause came on again to be heard on the papers formerly read and filed—the demurrer, said reports, exceptions, depositions, evidence, and exhibits accompanying the report; whereupon the Court overruled the demurrer, refused to continue the case, determined the liens, with their amounts and priorities, the real estate to be liable, and on the usual conditions directed its sale on the usual terms.

There is nothing in the record to show who demurred, when, or what for; but counsel for appellants, in their assignments of error, say the demurrer should have been sustained because Adam Wever was a necessary party. The will of Adam Wever was filed as an exhibit, as descriptive of the one hundred and sixty five acres sought to be sold, rather than to raise any question of title under the will; and the allegation that Adam Wever had left the State, and has not been heard of for twenty years, made it impossible to make him a party, for his death was presumed. Next, it is said that Alethe Balch, the wife of Stephen Balch, is improperly made a defendant. She had joined in two of the deeds, and her contingent right of dower was sought to be sold, and she

would be interested in the sulplus, if any.  Code; p. 601, c. 65, s. 3.  *Holden* v. *Boggess* is not in point, because here the wife had conveyed; there she had not.  20 W. Va. 62.  Stephen Balch executed the deed in 1885.  This suit was brought in 1887, two years thereafter.  The committee answered in December, 1888, and the cause was referred 6th December, 1888.  That he was declared insane after the suit was brought raised no presumption that he was insane when he executed the trust-deed two years before; nor was any evidence of any kind, even *ex parte*, produced before the commissioner or the Court tending to show insanity when the deeds were made.  Therefore there was no ground on which to continue the cause.

The chief point of controversy is as to the construction of the following clause in the will of L. P. W. Balch:  "All the rest of my personal property, furniture, carriage, money, wherever it is situated, I leave to my beloved wife in her own absolute right.  The whole of my personal property is assessed at one thousand two hundred and sixty two dollars.  I give and devise to my said wife a life-estate in the cottage and two acres of ground.  To my son Stephen I give the fee-simple estate of the two acres of land just mentioned, subject to his mother's life-estate.  If, at any time before or after the death of my wife, it is thought expedient to sell said lot of ground and its improvements, it is then my will that Stephen receive one share of the purchase-money in his own right, and the balance to be equally divided and paid over to his children, share and share alike; and do hereby bind said land and improvements with the condition that the purchase-money shall be distributed as I have here directed."

Stephen Balch must be held to take the fee-simple, for the will expressly says so (after the wife's life-estate); and the attempted limitation upon the power of sale, inseparably incident to such ownership, must be held void.  "It is against the policy of the law to allow restraints to be imposed on the alienation of the estate in fee, and no such condition against alienation attached to a fee-simple is good.  Unlimited power of alienation is now an essential incident of a fee-simple estate."  *Blair* v. *Muse*, 83 Va. 238 (2 S. E. Rep. 31).

See 2 Co. Litt. 26; Litt. (Thos. Ed.) §§ 360–362*b*. The case does not fall within the range of any of the exceptions, and in this aspect need not be further discussed.

A limitation to Stephen until he aliens, and then to his children, might be good. See 2 Minor Inst. 25. But this is not that case; for the devisee never thought it expedient to sell, but charged it with the payment of these debts. The decree of the Circuit Court should be affirmed.

AFFIRMED.