# CHARLESTON.

GEORGE *et al. v. HESS.*

Decided December 15, 1900.

1. DOWER—*Sale of Husband's Lands.*
   Inchoate dower is not a vested estate of property in a wife until the death of her husband, and in a suit to sell the husband's land in his lifetime to pay liens no provision need be made out of its proceeds to meet the wife's dower when consummate. (p. 535).

2. DEED OF CONVEYANCE—*Joinder of Wife.*
   Effect of joinder by wife in deed conveying land not her separate estate. (p. 536).

Appeal from Circuit Court, Jefferson County.

Suit by Samuel K. George and the Jefferson Building Association No. 9 against Joseph T. Hess and others. Decree directing sale of certain lands, and Mary A. Hess, wife of Joseph Hess, filed a petition for relief. Petition dismissed, and she appeals.

*Affirmed.*

D. B. LUCAS, for appellant.

FORREST W. BROWN, for appellees.

BRANNON, JUDGE:

This is a chancery suit brought in the circuit court of Jefferson County by Samuel K. George and the Jefferson Building Association No. 9 against Joseph T. Hess and others, having for its purpose the subjection of land owned by Hess to the payment of various liens on it. The bill states the existence of a deed of trust in favor of George, another deed of trust in favor of Burr, executor, and another in favor of said association, and also states the existence of various judgments against Hess constituting liens on his land. The bill was treated as a creditor's bill, and there was a convention of lienors, and a decree settling the respective rights of those lienors and directing a sale of the land for their payment, and sales were made, reported and confirmed by the court. After all this Mary Agnes Hess, wife of

Joseph T. Hess, filed her petition in the case setting up that she had united with her husband in the two deeds of trust to secure George and the said association, and that she was entitled to a contingent dower interest in her husband's land, and that there was a surplus from the sale after payment of those two deeds of trust, and that she was entitled to dower in such surplus, and prayed that a part of it be set apart for such dower, to be paid to her in case she should survive her husband. The circuit court held that she was not entitled to the relief asked in her petition, and dismissed it, and she appeals to this Court.

The husband of Mrs. Hess being yet alive, her dower was inchoate only, and could become consummate only upon her husband's death. It seems to me that in order to enable her to claim any part of the fund, or to have any part of it set apart and taken from creditors, temporarily or permanently, we must be able to say that by law she had a vested estate in the land. That valuable work in its greatly improved second edition, American & English Encyclopaedia of Law, Vol. 10, page 142, contains a very satisfactory statement of the law and collection of authorities upon this subject. It says: "Property interest in inchoate dower—not an estate in land. During coverture, dower has been denominated by many of the authorities as a mere tangible, inchoate, contingent expectancy, and is not, strictly speaking, an estate in land, and does not even rise to the dignity of a vested right."

This Court has said in *Thornburg* v. *Thornburg*, 18 W. Va. 522, that dower, so long as it remains inchoate, is not a vested estate, but becomes vested only on the death of the husband. The Virginia supreme court in *Corr* v. *Porter*, 33 Grat. 285, said: "During the life of the husband the wife has no estate or interest in his land. She has a mere contingent right of dower." Justice Swayne in *Randall* v. *Kreiger*, 23 Wall. 148, very aptly said, "During the life of the husband the right is a mere expectancy or possibility." Most of the authorities, practically all, hold the view that the wife's dower is a mere potential, contingent, possible estate, not vested so as to be deemed an existing property right, but to take effect upon a condition in the future. Indeed, the authorities say that it is no estate until it is assigned. Scribner on Dower, 5-8; *Ligon* v. *Spencer*, 58 Miss. 37; *Pennington* v. *Yell*, 11 Ark. 212; 52 Am. Dec. 262; *McGee* v. *Young*, 40 Miss. 164, 90 Am. Dec. 322.

As going to show strongly that it is no vested estate this Court has held in *Thornburg* v. *Thornburg,* 18 W. Va. 522, that the legislature may impair or even destroy a dower right while it is yet only inchoate, holding that, "A wife's right of dower, so long as it remains inchoate, is subject absolutely to the control of the legislature, which may modify or destroy it at will without exceeding its constitutional limits; and this right of dower becomes consummate and vested only by the death of the husband." Now, if it were a vested property or right, the legislature would have no power to impair or destroy it; for to do so would be contrary to the Constitution declaring that no one shall be deprived of property without due procees of law. This power of the legislature has been again and again asserted by the highest authorities. *Randall* v. *Kreiger,* 23 Wall. 137; 10 Am. & Eng. Ency. L. (2 Ed.) 145; *McNeer* v. *McNeer,* 19 L. R. A. 256 and notes. But those authorities show that the case is different with curtesy initiate, because it is a vested estate, and though but initiate, a common law estate by curtesy initiate could not be affected by such legislation. I say common curtesy, there being no curtesy initiate in a wife's separate estate, only a curtesy consummate.

But it will be asked, if inchoate dower is no estate, why does our statute provide for a wife's joining her husband in conveyance of his land? This is merely to bar the wife in claiming dower against a purchaser if and when it becomes consummate. Her signature to the deed and her acknowledgment pass no estate from her in the land separate and distinct from that of the husband, but the deed simply relinquishes a contingent right in the nature of a possible incumbrance upon the land, which, if not so relinquished, would attach and be consummate on the death of the husband. (Separate estate is different). This is distinctly held in *Corr* v. *Porter,* 33 Grat. 278. Such a deed does not vest any title from the wife, as she has no vested title to convey; but the deed simply operates upon her by way of estoppel. *French* v. *Lord,* 65 Me. 537; *Pixley* v. *Bennett,* 11 Mass. 298; 1 Washburn R. Prop. side page 250; *Witthaus* v. *Scheck,* 105 N. Y. 332. This last case also holds that inchoate dower is not a vested estate.

Another consideration that shows that the wife, not yet a widow, has no vested estate is, that the wife cannot transfer or convey this inchoate dower. "It is a mere chose in action, in-

capable of transfer by grant or conveyance," says 10 Am. & Eng. Ency. (2 Ed.) 144. In fact, that work, page 147, says that until actual assignment of dower the widow cannot alien or subject her dower to the payments of debts, and that neither process of law nor her own act can transfer her right to a stranger so as to confer on him a right of action at law for the dower. She cannot convey her contingent dower. 1 Shinn on Attachments s. 52. Her contingent dower is said to be a chose in action. After it is consummate it is, after assignment, a vested estate; but until the death of the husband it is not a vested estate. On his death it is clearly a chose in action, if we could say that a claim to a freehold is a chose in action; prior to the husband's death "She has not, in this stage of her right, even a chose in action in respect to the estate; nor can she protect it in any way from waste or deterioration by her husband or his alienee; nor is her right, in any sense, an interest in real estate, nor property of which value can be predicated. She cannot convey it, nor is it a thing to be assigned by her during the life of the husband. But immediately upon the death of her husband her right becomes consummate and perfect, and if the heir then waste or deteriorate the estate, she may have a remedy for the loss thereby occasioned to her. But as her right is still a mere chose in action, she has nothing of which estate, at this stage of her interest, can be predicated. She is not seized of any part of the land, on the death of her husband, by any right of dower, until it is assigned to her." 1 Washb. R. Prop side p. 250. If it were even a chose in action before her husband's death, the wife could certainly sue for waste, but she cannot.

Another thing to show that the wife has not a vested estate, a property, is that it cannot be taken under execution at any time before dower is assigned. 2 Freeman on Judg. s. 361a; 1 Freeman on Executions (3 Ed.) s. 185; *Ligon* v. *Spencer,* 58 Miss. 37. It cannot be levied on with an attachment. 1 Shinn on Attachm. s. 52. An estate by the curtesy is different, for it vests on marriage and birth of issue, and is liable for the husband's debts, because it is a vested estate, a property recognized by law. *Wyatt* v. *Smith,* 25 W. Va. 813. This view is not changed by the fact that we see in the books that this contingent dower has been held in some courts as covered by the covenants of warranty in deeds of conveyance, general warranty or covenant against incumbrances. 10 Am. & Eng. Ency. L. (2 Ed.) 144; *Ficklin*

*v. Rixey,* 89 Va. 832, 37, Am. St. R. 891, 17 S. E. 325. That is because of the contract between grantor and grantee or vendor and vendee. I should say that in the case of an executory contract a contingent dower would forbid specific performance—would excuse the purchaser from paying full purchase money—because it would be a cloud lowering over the estate, possibly resulting in eviction; but in the case of a deed passing a legal title there would be no breach until the consummation of the dower estate; but it would excuse payment of purchase money, as held by some courts, but denied by others. 10 Am. & Eng. Ency. L. (2 Ed) 144, notes.

To reverse the action of the circuit court we are cited to the case of *Iage* v. *Bossieux,* 15 Grat. 83, holding that in such a suit as this where there are deeds of trust binding the wife, and other liens not affecting her right, and she is a party, there should be provision setting apart a proper sum of her dower to preserve it for the contingency of the consummation of her dower by the death of the husband. Not a particle of authority is cited for the proposition. It is logically contrary to the above principles of law. It seems to have been by agreement of counsel. It is providing for a debt which has no existence, a mere chance or possibility, and keeping from the creditors what belongs to them. The purchaser under the decree purchases subject to this possibility of danger. I notice that in that case a reason for the holding is, that the wife was a party, as in this case, and it seemed to have been a mere prudential step to preserve her possible right from the bar of the decree; but, as in this case, the bill made not the slightest mention of this dower right, sought no action of the court as to it, and the suit made no pretence of affecting that dower should it ever become consummate, I am unable to conceive how the decree could affect it when consummate. It was not a subject matter before the court. The reason for her being made a party was because she joined in the deeds of trust. No other reason is disclosed. That decree cannot affect her dower, should it ever become consummate. We are cited to *Baylor* v. *Balch,* 34 W. Va. 440; but there it is stated that the suit was to sell the wife's contingent dower. We cannot say so in this case.

Besides all this Mrs. Hess never filed her petition until long after the decree settling the rights of the parties. We will affirm

the decree, as it cannot affect Mrs. Hess' dower right should it ever vest. Such affirmance is without prejudice to such dower right.

*Affirmed.*