## Staunton.

### DICKENSON AND OTHERS V. GRAY.

#### September 12, 1902.

1. DOWER—*Commutation—Code, Sec. 2278—Rights of Alienees—Right and Remedies of Widow.*—A widow is entitled to dower in kind in lands of her husband aliened during the coverture by a conveyance in which sne does not unite, or to the interest provided in lieu thereof by sec. 2278 of the Code. This right continues until it has been waived, released, or satisfied. The right to dower in kind is not absolutely merged in a mere personal decree for such interest, and an ineffectual effort, by execution or by a suit in chancery, to enforce such a personal decree, made in a prior suit to recover dower, is no bar to an independent suit against the heirs of the alienee to recover dower in kind, and damages for its detention. If, in the last-mentioned suit, the heirs of the alienee have the right to make a second election under sec. 2278 to pay the interest therein provided, they should be required to pay all arrears of interest remaining unpaid, but if the bill to recover dower in kind makes no mention of the previous proceedings, and dower in kind is decreed, damages for detention thereof can only be allowed from the institution of the suit.

2. DOWER—*Commutation—Code, Sec. 2278—Payments of Interest by Alienee.*—Sec. 2278 of the Code, allowing an alienee of a husband and those claiming under him to prevent recovery of dower in kind by the widow of the husband, upon payment of interest as therein specified, was enacted for the benefit of alienees, independent of the widow's wishes, but to have the benefit of that section, the alienee must not only elect to pay the annual interest therein provided, but must actually pay it. Such payment is the condition and the consideration upon which an alienee's right to the continued possession of her interest in the land depends.

Appeal from decrees of the Circuit Court of Russell county, pronounced April 16, 1900, and November 13, 1900, in a suit in

chancery, wherein the appellee was the complainant, and the appellants were the defendants.

                                                      *Affirmed.*

The opinion states the case.

*Wm. E. Burns, J. C. Gent* and *W. W. Bird,* for the appellants.

*E. S. Finney,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

About the year 1858, Harvey Gray, the husband of the appellee, aliened a tract of land by a conveyance in which she did not unite. After her husband's death, in the year 1872, she filed her bill against the alienee of her husband to have dower assigned her, or if the alienee preferred it, to allow him, as provided by section 2278 of the Code, to retain the whole land upon the terms of his paying her annually for her life legal interest on one-third of the value of the land at the time of her husband's death. The alienee electing to pay such interest in lieu of having dower in kind assigned, the court so decreed, and the cause was stricken from the docket. During the lifetime of the alienee, and for some years afterwards, the annual interest decreed was paid; but not having been paid for the years 1896 and 1897, executions were issued therefor and returned "no property found." The appellee thereupon instituted her suit in chancery to subject the tract of land in the hands of the heirs of the alienee to the payment of the interest then due and in arrears, and which was alleged to be a lien upon the land. The defendants made defence, and it appearing upon a hearing of the cause that the decree for interest upon which the bill was based had not been revived against the personal representatives of the alienee, and that more than five years had elapsed since their qualification and before the institution of the suit, the

court sustained the plea of the statute of limitations under section 3577 of the Code, and dismissed her bill.

The appellee then filed her bill against the heirs at law of the alienee, to have dower in kind assigned her in the land, but did not mention the former proceedings had in reference to her dower as hereinbefore described.

The defendants, in their answer to that bill, set up the proceedings in the former suits, and relied upon them as a complete bar to the appellee's right of recovery, but asked, in the event the court was of opinion that her right of dower was not barred by the decrees in those cases, that they might retain the land, and the appellee be required to take in lieu of dower in kind the interest on one-third of the value of the land as it was at her husband's death, as provided by section 2278 of the Code.

Upon a hearing of the cause the court held that the decrees in the former suits did not bar the appellee's right to recover, and decreed that unless the defendants, within a time named, should elect to pay her the annual interest, as fixed by the decrees in the first dower suit, including the interest then in arrears, dower in kind should be assigned her, and damages be decreed her for its detention from the institution of the suit. The appellants failing or declining to make such election within the time fixed, the court appointed commissioners to assign dower in kind, and rendered a decree for damages for its detention. From those decrees this appeal was granted.

The first question to be considered is whether, as appellants contend, the plea of former adjudication relied on in their answer is a bar to the appellee's recovery of either dower in kind, or of annual interest in lieu thereof.

Section 2278 of the Code was enacted for the benefit of the alienee of lands in which the alienor's widow is entitled to dower, and permits him to retain possession of the whole land "on the terms of his paying to the widow during her life lawful interest from the commencement of her suit on one-third of the value, at

the husband's death, of the estate so aliened, deducting the value of such permanent improvements then existing as may have been made (after the alienation) by the alienee or his assigns." This right is independent of the widow's wishes in the matter, and depends solely upon the election of the alienee, or those who claim under him, to take advantage of and comply with the provisions of the statute. To entitle him to continue in the possession of the widow's interest in the land, he must not only elect to pay the annual interest on its value, but he must actually pay it. The payment of the interest is the condition and the consideration upon which his right to the continued possession of her interest in the land depends. The fact that the decrees in the suit for dower show the alienee's election to pay interest, and determines the amount and time of its payment, does not bar the widow of her right to dower in kind if the alienee fails or refuses to comply with the terms upon which he is permitted to defeat such recovery. Her right to dower in kind is not absolutely merged in such decree, and she is not compelled to look alone to the remedies which she may have by execution or bill upon it to subject the alienee's personal and real property to the payment of the interest decreed her. If she were, she might be deprived of her dower rights without the payment of any consideration, for at the time of the rendition of such decree there might be judgments and executions against the alienee for amounts more than sufficient to exhaust both his real and personal estate. It was not, we apprehend, the intention of the law-making power, in the enactment of section 2278 of the Code, to deprive the widow of her right to dower in kind by merely giving her a personal decree against the alienee for annual interest on its value. It is the payment of the annual interest, which interest is in a sense the purchase price of her property, and not merely a personal decree against the alienee, which bars her right to have dower in kind assigned. It is well settled that a vendor's lien, and a lien for owelty of partition

which partakes of the nature of a vendor's lien, each constitutes a prior encumbrance upon the land on which it is charged, and follows the land into whosoever hands it may come. Such a lien is not released by taking the personal obligation of another, or other security, for its payment. Neither is it merged by a judgment or decree therefor, but subsists until it is clearly shown to have been waived, released or satisfied. *Jameson* v. *Rixey*, 94 Va. 342, 344, and cases cited; *Jordon* v. *Buena Vista Co.*, 95 Va. 285, 288.

If a vendor's lien, or a lien for owelty of partition, is not merged in a judgment or decree therefor, and such lien continues until it is waived, released or satisfied, even though the judgment or decree for it be barred or annihilated, clearly it would seem that a widow's right to dower in kind ought not to be merged in a decree which provides, in accordance with the statute, that her husband's alienee may retain possession of her dower interest upon his paying her annually legal interest on the value of her dower when he and those who claim under him have failed and refused to pay such interest. The widow is entitled to dower in kind, or the interest provided in lieu thereof. The appellants having failed and refused to comply with the terms of the statute and the decree which gave them the right to prevent a recovery of dower in kind by the appellee, she was entitled to have dower assigned her, and the court did not err in so decreeing.

Notwithstanding the failure and refusal of the appellants to pay the annual interest provided for in the first suit for dower, the court in the case under consideration permitted them to elect to retain the whole land upon the payment of the annual interest fixed by the decree in the first suit, and their assuming to pay the interest then due and in arrears under that decree. This action of the court, in so far as it required the appellants to assume the payment of interest which had accrued prior to the institution of this suit, is assigned as error.

If the appellee had instituted no proceedings for the assignment of her dower prior to this suit, the contention of the appellants would have to be sustained, for under the statute the widow is not allowed, as against the alienee or those who claim under him, to recover damages prior to the institution of her suit. Code, secs. 2277, 2278. But that is not this case. The appellee's right to dower had been settled in the first suit. The alienee had availed himself of the provisions of section 2278, and elected to retain the whole land upon the terms of paying the annual interest on its estimated value. In failing and refusing to pay such interest as it accrued, the appellants were in fault. To allow them, after having failed and refused for years to pay such interest, to escape its payment, and to hold and use the whole land without any compensation to the widow, would allow them to take advantage of their own wrong, and offer a premium for the violation of an agreement or election of which they were claiming the benefit. It may well be doubted whether, in a case like this, an alienee of land, or those who claim under him, have the right a second time to prevent a recovery of dower in kind by paying annual interest on its value. The statute does not seem to provide for but one election, and as it is in derogation of the widow's rights, the statute ought to be construed strictly; at least, it ought not to be so construed as to deprive the widow of both dower in kind, and interest in lieu thereof. If a second election be permissible at all, it ought, we think, as the Circuit Court decreed, be upon the terms that the alienee, or those who claim under him, pay all interest remaining unpaid at the time of the institution of the suit in which the second election is made, as well as the annual interest which has accrued or shall accrue after the institution of the suit.

But as the appellants failed or refused to make an election upon the terms prescribed by the decree of the Circuit Court, the remaining question, raised by appellee's assignment of error under Rule IX. of the court, is the amount of damages which

the appellee is entitled to recover for the detention of her dower.

As the appellee in her bill in this case made no reference to her first suit for dower, or to her suit to enforce the lien of the decree rendered in that case, and did not rely upon those proceedings for any purpose in her pleadings in this case, her right to damages must be determined as if those proceedings had not been had. This being so, she was only entitled to damages for the detention of her dower from the institution of this suit in accordance with the terms of the statute. The annual rental value of the whole land during that period being shown to have been three hundred and seventy-five dollars, the Circuit Court properly held that the appellee was entitled to one hundred and twenty-five dollars (one third thereof), annually from the institution of her suit until dower should be assigned, and so decreed.

We are of opinion that there is no error in the decrees appealed from, and that they should be affirmed.

*Affirmed.*