# CHARLESTON.

HUDDLESTON *et al.* v. MILLER.

Submitted October 9, 1917.    Decided November 20, 1917.

1. DOWER—*Assignment—Nature of Interest.*
    A widow's right of dower, before assignment, is a mere right or chose in action, and is not an estate in the land.   (p. 357).

2. EQUITY—*Pleading—Amendment.*
    A bill filed for the purpose of enforcing the lien of a judgment against real estate, cannot, upon ascertaining that the judgment debtor owns no such interest, be converted by amendment into a bill to enforce an entirely different lien upon a different subject matter.   (p. 357).

Suit by Della Huddleston and others against Rose M. Miller.   A demurrer was sustained to the bill and the cause certified.

*Affirmed, and cause remanded.*

*Pendleton, Mathews & Bell,* for plaintiffs.

*Ryan & Boggess,* for defendant.

RITZ, JUDGE:

The only question certified to this court for decision is the sufficiency of a bill brought for the purpose of subjecting the unassigned dower of the defendant to sale in satisfaction of a judgment in favor of the plaintiff.   The bill avers the rendition of the judgment; that execution has been issued thereon and returned, "no property found;" that said judgment has been docketed in the office of the clerk of the county court of Roane county; that the defendant has an interest in certain real estate of which her husband died seized, being her right to have dower assigned to her therein, and prays that such interest be sold in satisfaction of said judgment.

The question for determination here involves a consideration of the nature and character of the unassigned dower of a widow.   The bill proceeds upon the theory that she has an interest in the real estate.   After her dower is assigned and laid off to her, undoubtedly this is true, but before that time,

is the interest of the doweress real property? At common law, until the assignment of her dower, the widow has no estate which she can alien or subject to the payment of her debts, nor can such interest as she has be levied on under execution or attachment. That she has some sort of vested right immediately upon the death of her husband can not be doubted, and it seems very clearly established that this right is not an interest in the real estate, but is a right to sue for an interest in the real estate; a thing in action which at common law could not be the subject of assignment, nor could the same be levied on and sold to satisfy debts. 14 Cyc. 966; 2 Scribner on Dower, p. 39; *Tompkins* v. *Fonda,* 4 Page, 448; *Barksdale* v. *Garrett,* 64 Ala. 277; *Munsey* v. *Hanly,* 102 Me. 423; *Latta* v. *Brown,* 96 Tenn. 343; *Darnell* v. *Flynn,* 69 W. Va. 146; *George* v. *Hess,* 48 W. Va. 534; *Heisen* v. *Heisen,* 145 Ill. 658. From the foregoing authorities it may be concluded that the right of dower is an inchoate expectancy during coverture maturing upon the death of the husband, and before its assignment the right rests in action merely, and is not an estate in the land. This being a bill to subject the interest of the widow in the real estate to sale in satisfaction of the judgment of the plaintiff, it follows from what we have said that it cannot be maintained, for there does not exist any such interest in the real estate, nor is there any such lien in favor of the plaintiff as that set up in the bill. We need not decide whether or not by virtue of §2 of ch. 141 of the Code a creditor of a widow, whose dower has been unassigned, can secure a lien on the chose in action belonging to her, for the reason that even though such creditor could secure such a lien it could not be enforced in this suit. It suffices here to say that the bill of the plaintiff cannot be amended so as to make it a bill to enforce a lien acquired by execution upon a chose in action, because even if a lien can be obtained upon this chose in action by the issuance of a writ of *fieri facias* and the placing of the same in the hands of the sheriff, and equity is a proper forum for the enforcement of such lien, questions which do not now arise and which we do not decide, the allegations of such a bill would be entirely different from the allegations of this

bill,ㅅand in fact very few, if any, of the allegations in the bill here would be at all material in a bill filed for the purpose of enforcing the lien of a writ of *fieri facias* against the chose in action.

Our conclusion is to affirm the decree of the circuit court sustaining the demurrer to the bill, and remand the cause for such further proceedings as may be appropriate.

*Affirmed, and cause remanded.*