# CHARLESTON.

ANNIE J. ANDERSON *v.* WM. F. STOCKDALE *et als.*

Submitted April 24, 1923. Decided May 1, 1923.

1. DOWER—*Bill by Widow Against Alienee of Husband for Assignment of Dower Need not Allege her Age.*

   The bill of complaint in a suit in equity instituted by a widow against an alienee of her husband for the assignment of dower in real estate need not allege the age of the widow, though her age may be a material factor to be considered by the alienee in making his election to pay a gross sum or interest in lieu of dower, under section 12, chapter 65, Code. (p. 661).

2. SAME—*Suit by Widow Against Alienee of Husband for Dower Should be Brought in County Where Real Estate Situate.*

   Neither need the bill allege that the suit is brought in the county "in which the will of the husband has been admitted to probate, or administration of the estate is granted." That provision of section 9, chapter 65, Code, affects only motions for dower provided for in that section, and has no bearing upon chancery suits, which should be brought in the county wherein the real estate involved is situate. (p. 662).

3. ABATEMENT AND REVIVAL—*Where Widow, Pending Suit Against Alienee of Husband for Dower, Dies, it Will be Revived on Motion.*

   Where, in such a suit, the alienee files his answer electing to pay a gross sum in lieu of dower, but the widow dies before

payment thereof and pending the suit, the court must, upon
the proper motion of the widow's administrator, revive the
suit in his name; for the reason that, though the right to
an assignment of dower in kind perished with the widow,
her administrator may prosecute the suit to final decree,
and if the election be not withdrawn he may recover the
amount due whether it be a gross sum in lieu of dower,
or annual interest, or, if withdrawn, damages for the deten-
tion of dower.   (p. 662).

4.   DOWER—*Mere Election by Alienee of Widow's Husband to Pay
Gross Sum in Lieu of Dower not a Discharge Until Actually
Paid; Administrator of Widow Cannot Object to Alienee's
Withdrawal of Former Election to Pay Gross Sum.*

Since, in such suit, the mere election by the alienee to pay a
gross sum in lieu of dower does not operate to discharge
the widow's right of dower until the gross sum is actually
paid; if before such payment the widow dies, and the suit
is revived in the name of her administrator, the latter
can not object to the alienee's withdrawal of his former
election, there being no final decree against the alienee
for such gross sum; and especially so where he has made his
election under a mistake as to the age of the widow.   The
widow has not been divested of her right to dower in kind dur-
ing her life, and her estate before decree therefor has no inter-
est in a gross sum in lieu thereof.   (p. 662).

Appeal from Circuit Court, Wetzel County.

Suit by Annie J. Anderson against Wm. F. Stockdale and
others.   From an order refusing a motion of defendants to
withdraw their answers, defendants appeal.

*Reversed and remanded.*

*T. M. McIntire,* for appellants.

*H. H. Rose,* and *A. C. Chapman,* for appellee.

MEREDITH, JUDGE:

This is a suit originally instituted by Annie J. Anderson,
widow of James K. Anderson, for the assignment of dower
in certain real estate in Wetzel County, which was aliened
from her husband under a deed of trust in which she did
not join.   Plaintiff also claims the portion of the rents and
profits properly accruing to her from the property.   Defend-
ants filed a demurrer and answer.   In the latter they elected

to pay a gross sum in lieu of dower based upon plaintiff's supposed age of 85 years. Upon being informed by plaintiff's special reply that she was but 68 years of age, and Mrs. Anderson having in the meantime died, defendants moved to withdraw their answer electing to pay a gross sum, and by amended answer asked to be allowed to pay in.lieu thereof interest on one-third of the value of the real estate from the institution of the suit. The refusal of the circuit court to allow such withdrawal constitutes the main controversy on this appeal.

.The facts so far as they appear to be material on the issue presented, are substantially as follows:

Plaintiff is the widow of James K. Anderson, who died intestate in Wetzel County, September 2, 1920. During the period of their marriage Anderson was the owner of two parcels of land, one a farm of 203 acres, and the other a house and lot in the town of Littleton, used for hotel purposes.

On September 22, 1905, by deed of trust in which plaintiff did not join, he conveyed both of the above properties to J. A. Pyles, Trustee, to secure the payment of a debt of $9500. The debt not being satisfied apparently, the trustee made sale of the real estate on May 23, 1910, and it is under this sale that defendants claim. Defendants W. F. Stockdale and M. E. Stockdale are the present owners of the farm, and defendant H. E. Chaney is the present owner of the town lot. C. L. Dye and W. H. Taylor hold an oil and gas lease on the farm and have drilled several productive wells. This lease was executed by one H. G. Smith who purchased immediately from the trustee Pyles, and who in turn conveyed the land to Thos. H. Smith, the grantor of the Stockdales, reserving a one-half royalty interest in the oil and gas. Thos. H. Smith also reserved certain mineral rights, but by express provision made his conveyance subject to any dower rights plaintiff might have in the property.

Plaintiff filed her bill at January 1922 rules. In it she averred most of the facts set out above; prayed that Wm. F. Stockdale, M. E. Stockdale, Thos. H. Smith, and Charlotte Smith, his wife, H. E. Chaney, W. A. Dye, C. L. Dye, and W. H. Tay-

lor be made parties defendant; and that she be assigned her dower right in both the land and minerals, none of which she had relinquished. She asked that if necessary a special receiver be appointed to take charge of the rents and profits of the oil and gas being produced, and that she be decreed the one-third part thereof, as well as the same amount in all other rents and profits to which she should be adjudged entitled.

At the following February term defendants' demurrer was interposed and overruled, and defendants were given thirty days in which to answer. This they did on March 11, 1922. It is the answer of Wm. F. Stockdale, M. E. Stockdale and H. E. Chaney, and they allege that the actual value of the town lot when sold by the trustee was $2000, the house thereon having been destroyed by fire, and that the farm was sold by the trustee for the sum of $9000, an amount largely in excess of its true value, the inflated purchase price being due to a temporary excitement in oil and gas development. They further say that the plaintiff, Annie J. Anderson, is 85 years of age, and that they, the defendants, elect to pay to the plaintiff a gross sum in lieu of dower, the same to be calculated after the rule laid down in sections 12 and 17, chapter 65 of the Code, which show plaintiff's expectancy of life to be 2.402 years.

On the same day plaintiff filed her special reply to the answer, admitting defendants' right to elect to pay a gross sum in lieu of dower, but denying that her age was 85 years and alleging that her true age was 68 years and that her expectancy of life was 9.179 years. No further order was entered during the term and shortly thereafter, on April 21, 1922, Annie J. Anderson died. On June 29, 1922, on the petition of John W. L. Stewart, administrator of the estate of Annie J. Anderson, the court ordered the suit revived in his name.

On December 5, 1922, defendants filed an amended answer. In it they urge that since their election to pay a gross sum in lieu of dower was founded upon information, diligently obtained, that Mrs. Anderson was 85 years of age with a life expectancy of 2.405 years, whereas in fact she was but 68

years of age with a life expectancy of 9.179 years, they should be allowed to withdraw their former election contained in their original answer and be allowed instead to pay interest annually from the date of the institution of the suit upon the one-third of the value of the respective parts of the land owned and held by them.  Plaintiff, the administrator, resisted the motion to withdraw and moved to strike out the amended answer.  The circuit court sustained the plaintiff in both positions, and entered an order of date December 5, 1922, decreeing that the three defendants filing the answer pay to the administrator, in lieu of the dower right of Annie J. Anderson, deceased, a gross sum based upon the value of the real estate of said defendants as of the date of the sale by James A. Pyles, Trustee.  The cause was referred to a commissioner in chancery to determine that value and the amount of the gross sum which should be paid.

The appeal is from that order.

Before considering the main issue as to defendants' right to withdraw their election, we must dispose of certain minor points raised in the argument.  Two of them arise upon the demurrer which the court overruled.  Defendants claim that it should have been sustained for two reasons, first, because the bill does not show the proper venue for the suit, and second, it does not show the age of Annie J. Anderson.  As to the venue, defendants point to section 9, chapter 65, Code, and from it argue that the bill should show that the suit is brought in the county "in which the will of the husband has been admitted to probate, or administration of the estate is granted."  There is nothing to this contention.  The language quoted as used in the statute referred to is applied by that section specifically to *motions* of a widow, heirs or devisees for the assignment of dower.  The statute states expressly that "nothing herein contained shall be construed to take away or affect the jurisdiction, which courts of chancery now exercise over the subject of dower."  Nothing could be more plain.  Section 1, chapter 123, Code, says that any action at law or suit in equity to recover land or subject it to a debt, except where otherwise specially provided, may

be brought in the circuit court of the county wherein the land is situate. Such a suit is purely local in its nature, and its venue should be and is determined by the situs of the property. The bill alleges that the real estate in question lies in Wetzel County; it is clearly sufficient in that respect.

Neither is there merit in the point that the widow should have alleged her age in her bill of complaint. True, the statute provides that an alienee may elect to pay a gross sum in lieu of dower and it is also true that the decision to exercise such an election would in most instances depend largely upon the age of the doweress; but that is no part of the demandant's case. She seeks in her bill only to establish her claim to dower and to procure its assignment. To accomplish that object she need only declare those facts which show that she has a right in equity to the assignment which she seeks. The defendants' right of election is no part of her case, and her age need not be alleged.

A further point urged is that it was error to revive the suit in the name of the administrator of Mrs. Anderson. Defendants attempt to support this argument on the theory that the suit abated with her death, and cite a number of authorities supposedly in point. As to this, it is certainly true that the right to the assignment of dower in kind perished with the doweress, but as this suit now stands dower in kind is not sought. Relying on defendant's original election, the administrator seeks not to recover land, but money in lieu of dower. Should this be recoverable, the widow's personal estate would be proportionately increased. That being true, the administrator is vitally interested in the subject matter of the suit, and upon motion it should be revived in his name. Furthermore, though a gross sum be not recoverable, the administrator under the statute should still recover either damages for the detention of the dower or the annual interest which defendants now wish to pay. So, under any ruling as to defendant's right of election, the right to have the suit revived remains.

We now come to the chief proposition relied upon. Did the court err in refusing to allow the defendants to withdraw their election to pay a gross sum and to pay instead

interest from the institution of the suit on one-third of the value of the property held by them? The arguments of both parties can be briefly stated. Defendants in support of their motion say that since the election was based upon a misapprehension of Mrs. Anderson's age, it was made under a mistake or ignorance of the true conditions and is therefore revocable at any time before final decree. Plaintiffs on the other hand, while admitting that an election induced by fraud or legal mistake might be revocable, say that there is no evidence here of such fraud or mistake, that if there was any misunderstanding of the true facts it was due to defendants' own neglect and carelessness, that the whole scheme of defendants is a subterfuge to avoid the payment of a gross sum after Mrs. Anderson's death, and that the original election of defendants must stand unrevoked.

In developing their argument, defendants cite, in general, two classes of authorities. One group is to sustain the proposition that an election made through fraud or mistake may be revoked by the party so electing. The cases so referred to, including *Hart Bros.* v. *Kanawha Oil Co.,* 79 W. Va. 161, 90 S. E. 604, seem to bear out the contention, but, as we understand the present case, plaintiff does not attempt to controvert that general proposition, nor could he successfully do so. Plaintiff does, however, deny that there was any mistake shown, that is, such mistake as defendants could avail themselves of. The second class of authorities supports the argument that where the widow dies pending her suit for dower, there is no such vested right as will warrant a continuation of the proceedings by her personal representative. A widow's right of dower before assignment, they say, is merely a right of action, inchoate, and dies with her, and even though she may by agreement consent to receive a gross sum in lieu thereof, and died pending suit for its admeasurement, her right terminates and her administrator is without remedy; citing *Simms* v. *Yerkes,* 239 St. Pa. 595. 87 Atl. 56, 34 A. & E. Ann. Cas. 552.

Counsel for plaintiff do not accede to defendants' arguments in this phase of the case, at least, they do not agree to their application here. They point out that even though

informed immediately by the special reply of the plaintiff, Mrs. Anderson, that her true age was 68 years, defendants did not withdraw their election, but delayed for many months after her death. Being thus neglectful, plaintiff says they can not now complain of misinformation, and that their original election is as binding upon them as if by solemn contract they had agreed to pay a gross sum in lieu of the dower right sued for. They mark the distinction between a suit for dower where the right thereto is contested, and the present case where the right thereto when the suit was brought is conceded, and cite us to the rule of the New Jersey Equity Court. That court in *McLaughlin* v. *McLaughlin,* 22 N. J. Eq. 505, had for review a case in which the widow, after instituting a suit to have her dower partitioned to her, consented to accept a gross sum, and it held that the right became vested and unaffected by her death. See also the earlier case of *Mulford* v. *Hiers,* 13 N. J. Eq. 13.

The above arguments and the authorities called upon in support of them might, it seems to us, be of value were it not for one circumstance which is present in the case at bar and which seems not to have been sufficiently considered. Our statute, sec. 12, ch. 65, Barnes' Code, 1923, reads as follows:

> "The two preceding sections are subject to this qualification, that any person claiming under an alienation made by the husband or under a sale made in pursuance of the judgment or decree of a court, in his lifetime, may pay to the widow, during her life, lawful interest from the time the demand is made upon him by the widow, or her agent, for her dower in the lands, on one-third of the value thereof at the time of such alienation or sale, or he may pay her a gross sum in lieu thereof, to be computed upon the principle hereinafter provided; and in either case the payment so made shall be a full discharge and satisfaction of the claim of the widow for dower in the real estate so alienated or sold."

Note the importance of the final clause. It says that the *payment* of interest or of a gross sum shall be a full dis-

charge of the claim of dower. If this be so, can it be true, as stated in plaintiff's brief that "From the very instant this election is made by the alienee, his land is freed wholly from the widow's claim to any part thereof in kind; the widow loses all her rights, except to claim the gross sum. Her estate in the land is terminated". We believe counsel for both parties have failed to reach the kernel of the question. Should we hold that the mere election on the part of the alienee to pay money, without the payment of a cent to the widow, or perhaps without a cent wherewith to pay, should forthwith divest her of her property right? We think the statute renders the answer obvious. It is payment which effects the transfer of her right of dower, not the mere election of the alienee to pay. Of course, it is conceivable that by according to her a lien of sufficient dignity her right to payment could be satisfactorily protected, but such is not the protection afforded by the statute nor can we make it otherwise.

In *Dickerson* v. *Gray,* 100 Va. 526, 42, S. E. 298, Gray, in 1858, alienated a tract of land by a conveyance in which his wife did not join. He died shortly after. In 1872 his widow brought suit to have dower assigned, and the alienee, under a statute similar to our own, elected to retain the whole tract and pay interest. The interest was paid for some years, but, after the alienee's death, was not paid for the years 1896 and 1897, and the widow had executions issued to recover the money due her. They were returned "No property found." Later the widow brought suit to subject the land to payment. It was defended on two grounds, one of which was the statute of limitations, and the defense was sustained. She then instituted her second suit for the assignment of dower, and the defendants, the heirs of the alienee, set up the proceedings in the former suits, but asked, that if that defense should not avail, they should have leave to pay interest in lieu of dower. The circuit court held that the former proceedings were no bar to the second suit, and in affirming the decree the Supreme Court of Virginia said: "To entitle him to continue in the possession of the widow's interest in the land, he must not only elect to pay the annual interest

on its value, but he must actually pay it. The payment of the interest is the condition and the consideration upon which his right to the continued possession of her interest in the land depends.'' etc. And so here, it is the payment of the gross sum alone which could have divested Mrs. Anderson of her right to dower, and it follows therefore that there was no interest in the gross sum which could be recovered by her administrator as part of her personal estate, nor could he object to the withdrawal of defendants' election. To that extent the ruling of the circuit court was, we hold, erroneous. Had there been a final decree in favor of the widow for such gross sum based on the election the case would be in a different situation. It might be that in that case the decree could be enforced against the alienee, but such is not the case here.

The order appealed from makes no provision for the recovery by the administrator of the damages suffered by the widow. Under the statute she is entitled to damages from the the institution of the suit until recovery, and the same right is reserved to her administrator, except of course that the amount should be computed only to the time of her death. The dower right expired with her, and necessarily the damages ceased to accrue also.

The reference to the commissioner to ascertain the value of the property as of the date of its alienation and to fix the amount of the gross sum to be paid the administrator was, for the reasons we have shown, unnecessary and therefore erroneous. The court could, however, if the plaintiff so desired, have taken the necessary steps to ascertain the amount of the damages which accrued from the date of the institution of the suit until Mrs. Anderson's death. Those are plainly due the administrator, and for this reason we remand the case.

*Reversed and remanded.*