IDA MAE LAJOIE, *et al.*

*v.*

ALVA E. BELLOMY

(No. 9864)

Submitted January 9, 1947. Decided February 4, 1947.

*Thomas West,* for appellants.

*Hammock & Ferguson* and *Okey P. Keadle,* for appellee.

LOVINS, JUDGE:

This suit comes to this Court on appeal from the decree of the Circuit Court of Wayne County, dismissing plaintiff's bill of complaint in a suit instituted by Ida Mae Lajoie, who will be hereinafter referred to as "plaintiff", and her husband against Alva E. Bellomy, plaintiff's stepfather, and widower of plaintiff's mother, Mabel Bellomy, who died intestate October 6, 1945.

The bill of complaint alleges that when she died, Mabel Bellomy left plaintiff, as her sole heir at law, and defendant, her surviving husband, who was later duly appointed administrator of decedent's estate. The bill further alleges that defendant had caused decedent's estate to be appraised; that a substantial sum of money and personal property came into his hands as administrator; that plaintiff herein claims as her own two-thirds of the surplus of said money and personal property, after payment of decedent's debts; that defendant has used the greater portion of the money coming into his hands to pay the funeral expenses of decedent "and otherwise"; and that such expenditures were unauthorized, it being the duty of defendant to pay said burial expenses out of his own funds. On the basis of the foregoing allegations plaintiff prays that the accounts of the administrator be settled. It is to be noted that the record does not disclose that Alva E. Bellomy was made a party to this suit as administrator of his deceased wife.

The bill of complaint further alleges that by deed dated May 21, 1941, two contiguous tracts of land, consisting of 9.9 acres, allegedly of the value of forty-five hundred dollars, situate in Wayne County, and on which

are now located two dwellings, were conveyed to Mabel Bellomy, and of which she died seised. The deed of conveyance to Mabel Bellomy recites a consideration of seven hundred dollars, of which two hundred fifty dollars were paid in cash, and the residue was to be paid in twenty-two monthly installments of twenty dollars each and one installment of ten dollars, the deferred payments being secured by deed of trust. Predicated on those allegations is a prayer that defendant be assigned dower in the two tracts of land above mentioned, or that the cash value of such dower be determined and plaintiff be permitted to pay defendant a gross sum in lieu of such dower.

Defendant filed an answer, in which it is admitted that plaintiff is the sole heir at law of Mabel Bellomy; that he is the surviving husband of decedent; that he was appointed and qualified as administrator of the personal estate of his deceased wife. However, his answer and cross-bill allege that Mabel Bellomy was not seised of the real estate described in plaintiff's bill, and that he is not entitled to dower therein; but, on the contrary, he alleges that the legal title to the two tracts of land was taken in the name of said Mabel Bellomy to be held in trust for him; that he paid the entire purchase price of the real estate above mentioned; and that no part of said purchase price was paid out of money belonging to his deceased wife. Defendant prays in his cross-bill that he be decreed the owner of said real estate free and clear of any claim of plaintiff.

Plaintiff filed a replication denying the existence of the trust and that defendant had paid the purchase price of the real estate. Plaintiff asserts in her replication that Mabel Bellomy was the owner of the land, and that defendant had neither equitable nor legal title thereto.

Upon a hearing plaintiff introduced the deed of conveyance by which Mabel Bellomy acquired title to the two tracts of land, and oral testimony showing the marriage of Mabel Bellomy to defendant; that Mabel Bellomy is deceased; and that plaintiff is her only living child. Thereupon defendant moved the court to dismiss

plaintiff's bill on two grounds: (1) That plaintiff failed to show that decedent owned any property, real or personal, at the time of her death; and (2) that the settlement of the personal estate was pending before a commissioner of accounts of Wayne County, and therefore the instant suit is premature.

As we appraise this record the following questions are presented: (1) Is this suit premature; and (2) are the pleadings and evidence sufficient to entitle plaintiff to the relief prayed for.

Defendant argues that this suit is premature on the ground that in seeking settlement of the accounts of defendant as administrator of the personal estate of Mabel Bellomy, plaintiff ignores pertinent and controlling statutory provisions, which provide for settlement of the accounts of a personal representative by the county court.

Defendant was not made a party to this suit as administrator of the personal estate of Mabel Bellomy. This being true, no decree affecting him in his capacity as administrator could have been pronounced by the trial court.

Primary jurisdiction to settle the accounts of a personal representative is vested in the county courts of this State, by Section 24, Article VIII of the Constitution of West Virginia, and Code, 7-1-3, but a court of equity may intervene in the settlement of the accounts of a personal representative "where there is involved some question of equitable cognizance as, for example, ' the construction of a will, fraud, waste and the like.' " *Travis* v. *Travis,* 116 W. Va. 541, 543, 182 S. E. 285; *Page* v. *Huddleston,* 98 W. Va. 104, 126 S. E. 579.

The only expenditure alleged to have been made by defendant as administrator was for funeral expenses of decedent. Whether such expenses were unreasonable or otherwise is not alleged. The estate of decedent is liable for funeral expenses in the amount of three hundred dollars, or in excess of that sum if the contract therefor

is ratified by the personal representative. Code, 44-2-6. Reasonable funeral expenses may be paid by the executor before he qualified as such, Code, 44-1-1; and may be paid by a personal representative in advance of any determination of other claims when such payment is authorized by the commissioner of accounts to whom the estate has been referred, Code, 44-2-14. Assuming that defendant has paid reasonable funeral expenses of his deceased wife out of her estate not exceeding three hundred dollars, such action on his part would not constitute waste. No facts are alleged in plaintiff's bill of complaint which would justify a court of equity in assuming jurisdiction of the settlement of the accounts of the administrator.

We do not consider this suit as having been timely brought for the purpose of settling the accounts of the personal representative and the estate of the decedent. Comprehensive provisions for the orderly administration of a decedent's personal estate are made in Chapter 44, Code. Not less than six months must be allowed for the filing of claims after the publication of notice by the commissioner of accounts, Code, 44-2-2; the real estate of a decedent is an asset for the payment of decedent's debts, Code, 44-8-3; and the personal representative has the exclusive right to institute suit to subject real estate of his decedent to payment of debts for the period of six months after his qualification as such administrator. Code, 44-8-7.

The exact time of bringing this suit does not appear from the record, as the process commencing the suit is not included therein, nor does the record show the date of filing the bill of complaint in the office of the clerk of the trial court. The jurat appended to the bill of complaint is dated November 26, 1945, and the hearing was had on March 21, 1946. Likewise it does not appear when defendant was appointed administrator, but it is clear that such appointment was made in the interval of time between Mabel Bellomy's death and the verification of the bill of complaint. It is thereby established

that the suit was instituted and a hearing had within six months of the date of the death of Mabel Bellomy.

The administrator of Mabel Bellomy not being a party to this suit; the allegations of plaintiff's bill of complaint with reference to the administrator's action in connection with the personal estate being insufficient to justify the intervention of a court of equity; and the suit, with respect to those allegations, having been instituted before the expiration of six months from the date of his appointment as administrator, the entire allegations and prayer in that respect will be treated as surplusage. This leaves nothing in the bill of complaint except the allegation relative to the assignment of dower to defendant. Therefore, the bill of complaint is not multifarious. *Morrison* v. *Holcomb*, 123 W. Va. 153, 14 S. E. 2d 262. We refrain from passing on the question of whether objections to a bill of complaint on the ground of multifariousness can be raised for the first time in the appellate court. But it is appropriate to observe that a multifarious bill may be corrected by a trial court by "* * * eliminating from the multifarious bill all but one of the equitable causes of action. * * *." Code, 56-4-24.

Generally the surviving spouse seeks assignment of dower. In this case the heir at law prays for assignment of dower to the surviving spouse. Under the provisions of Code, 43-1-12, dower may be assigned as at common law, or upon motion of either the surviving spouse or an heir at law made in the circuit court of the county wherein letters of administration have been granted, but jurisdiction of equity over the subject of dower is specifically preserved therein. The procedure by motion rests entirely on statute and is to be differentiated from a suit in equity to assign dower. *Anderson* v. *Stockdale*, 93 W. Va. 657, 117 S. E. 553. A surviving spouse entitled to dower may "* * * recover such dower, and damages for its being withheld, by such remedy at law as would lie on behalf of a tenant for life having a right of entry, or in a bill in equity where the case is such that the bill would now lie for such dower." Code, 43-1-13.

In the instant suit, plaintiff has elected to go into a court of equity to have dower assigned. Jurisdiction to assign dower is conferred on a court of equity. Code, 43-1-13. Independent of statute, courts of equity have jurisdiction over assignment of dower concurrent with courts of law. 2 Scribner on Dower, 2d Ed., 148, 154. Undoubtedly, an heir at law may initiate a proceeding by motion to assign dower under Code, 43-1-12, but the question here presented is whether an heir at law in a proceeding under general equity jurisdiction may maintain a suit for that purpose. The authorities are meager, but we are convinced that on reason and principle an heir may maintain a suit to quiet title as to dower. *Clark* v. *Burnside,* 15 Ill. 62. See 28 C. J. S., Dower, Section 91; 7 Enc. of Pleading & Practice, 177; 1 Hogg's Equity Procedure, Miller, 3d Ed., Section 66. See *Tompkins* v. *Kyle,* 95 W. Va. 584, 122 S. E. 150, where this principle is applied without comment. Plaintiff, being the heir at law of Mabel Bellomy, may maintain this suit to quiet title to the land she claims to have inherited from her mother.

Are the allegations sufficient and does the evidence justify the appointment of commissioners to assign dower to defendant? "A surviving spouse shall be endowed of one-third of all the real estate whereof the deceased spouse, or any other to his or her use, or in trust for him or her, was, at any time during the coverture, seised of or entitled to an estate of inheritance, either in possession, reversion, remainder, or otherwise, unless the right of such surviving spouse to such dower shall have been lawfully barred or relinquished." Code, 43-1-1. There is no allegation or proof that dower has either been relinquished or barred by defendant.

Generally the requisites for dower are: (1) a valid marriage; (2) beneficial seisin of the estate of inheritance; and (3) death of a spouse leaving the other surviving. 17 Am. Jur., Dower, Section 13; 28 C. J. S., Dower, Section 8. In Minor on Real Property, Ribble, 2d Ed., Vol. 1, Section 251, the requisites of dower are

stated as follows: "(1) The marriage; (2) The seisin of the husband; (3) The husband's estate of inheritance; (4) The death of the husband; and (5) The prolongation or continuation of the husband's estate." Measuring the bill of complaint and the proof adduced in support thereof by those rules, we reach the conclusion that the marriage of Mabel Bellomy with Alva E. Bellomy, although indirectly alleged in that part of the bill which avers that Alva E. Bellomy was her husband, is not denied, is established by the oral testimony of plaintiff, and, in the absence of attack, was valid. Mabel Bellomy's seisin is alleged in the bill of complaint and that allegation is sustained by the deed of conveyance by which she took title to the two tracts of land. The fact of her death is alleged by plaintiff, and admitted by defendant. The conveyance to Mabel Bellomy was an unconditional fee simple estate, subject to a deed of trust, and, according to the facts disclosed by the pleadings and proof, her estate did not terminate in her lifetime and was transmissible to her heir.

The allegations of the bill of complaint with respect to the land of Mabel Bellomy and the assignment of dower therein are sufficient to justify the assignment of dower to defendant, and were sustained by oral and documentary evidence. Therefore, if plaintiff's suit was not premature, she was entitled to have dower assigned to defendant, thus removing a cloud on the title to the land, which, according to the bill of complaint and the evidence introduced by her, she had inherited from her mother.

The discussion of the untimeliness of this suit as to the personal estate of Mabel Bellomy and the settlement of the accounts of her administrator give rise to the question whether this suit is premature with respect to assignment of dower. Upon the death of a spouse dower becomes consummate, but does not amount to an estate in the land until assigned. *George* v. *Hess,* 48 W. Va. 534, 537, 37 S. E. 564; *Haskell* v. *Sutton,* 53 W. Va. 206, 44 S. E. 533. Dower is a right in action until assigned.

*George* v. *Hess, supra; Darnell* v. *Flynn*, 69 W. Va. 146, 150, 71 S. E. 16. Dower consummate has been defined by this Court in the following language: " * * * That she has some sort of vested right immediately upon the death of her husband can not be doubted, and it seems very clearly established that this right is not an interest in the real estate, but is a right to sue for an interest in the real estate; a thing in action which at common law could not be the subject of assignment, nor could the same be levied on and sold to satisfy debts. * * *". *Huddleston* v. *Miller*, 81 W. Va. 357, 358, 94 S. E. 538. When dower is assigned the seisin of the person to whom assigned relates to the time of the death of the spouse who owned the land. 2 Scribner on Dower, 2d Ed., 722; 17 Am. Jur., Dower, Section 53; Minor on Real Property, Ribble, 2d Ed., Section 262. See *Minner* v. *Minner*, 84 W. Va. 679, 100 S. E. 509. Dower being consummate and the right thereto being vested, proceedings for the assignment thereof could have been brought at any time after the death of Mabel Bellomy. Therefore, it was error to dismiss the bill of complaint on this state of the record.

Plaintiff argues that this Court should grant her the relief prayed for in her bill on the ground that defendant's answer and cross-bill do not allege sufficient facts on which the resulting trust in favor of defendant can be predicated. The sufficiency of defendant's answer and cross-bill has not been tested by demurrer; nor was any proof offered in support thereof. The beneficial seisin of Mabel Bellomy may be disproved upon the introduction of testimony on behalf of defendant. We therefore express no opinion as to the sufficiency of defendant's answer and cross-bill, nor whether he is entitled to the relief prayed for therein. The case must be remanded for the taking of proof on behalf of defendant and consideration thereof by the trial court.

For the reasons stated, the decree of the Circuit Court of Wayne County is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*